## Case No. 15,736.
### UNITED STATES v. MASON.
[12 Blatchf. 497.] [1]

Circuit Court, S. D. New York. April 24, 1875.

COUNTERFEITING — INDICTMENT FOR UTTERING — DESCRIPTION—VARIANCE.

.1. In an indictment for uttering a counterfeit bill, if the bill is incorrectly described in respect to its bill number, the variance is fatal.

2. Where such an indictment purports to set forth an exact copy of the bill, the description set forth, though needlessly particular, must conform to the instrument given in evidence. But, a mere literal variance will not be fatal. A variance is literal, when it does not make a word different in sense and grammar, but leaves the sound and sense, in substance, the same.

[Distinguished in U. S. v. Marcus, 53 Fed. 784.]

[Cited in People v. Phillips, 70 Cal. 65, 11 Pac. 495.]

3. An indictment for uttering a counterfeit United States note, gave incorrectly the abbreviations of certain Latin words which formed an inscription upon the seal of the treasury of the United States, as stamped on all genuine United States notes. The indictment contained letters upon what was intended to be a copy of such seal, but those letters did not form the abbreviations found in the note offered in evidence, nor did they form any word, Latin or English: Held, that, as the inscription on the seal on the note contained no complete word, and as the letters set forth in the indictment, as the description, did not form any word, either Latin or English, it was impossible to say that any word had been omitted or incorrectly given, and the variation was one in respect of letters, and was not fatal.

[Distinguished in U. S. v. Marcus, 53 Fed. 784.]

4. The indictment omitted the word "to" from the phrase "pay to the bearer:" Held, that the variance was not material.

[Cited in People v. Phillips, 70 Cal. 65, 11 Pac. 495.]

5. The indictment inserted the word "on" before the word "duties" in the phrase "all other dues to the United States, except duties:" Held, that the variance was unimportant.

6. The indictment used the words "counterfeited bill" while the note read "counterfeit bill:" Held, that this was merely a literal variance.

[This was an indictment against George A. Mason upon the charge of uttering a counterfeit bill.]

[2 [From 21 Int. Rev. Rec. 245.]
1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Ambrose H. Purdy, Asst. U. S. Dist. Atty. Benjamin B. Foster, for defendant.

BENEDICT, District Judge. The indictment in this case displays such extreme carelessness on the part of the draughtsman, that any attempt to try it would be expected to raise questions of variance. As found, the indictment contains eight counts, some charging the uttering, others the possession with intent to utter, counterfeit bills, particularly described in each count. Several of the counts were necessarily abandoned because the bills therein described, although set out with extreme detail, were incorrectly described in respect to the bill number, a variance in respect to the bill number which is placed upon all bills, for the purpose of identifying the bill, being held to be fatal. In consequence of this ruling, no evidence could be produced in support of the first, fifth and sixth counts. The fifth and sixth counts contained the additional defect, of charging the uttering of a national currency circulating note where the bill set out at length in the count was a United States note. The fourth count also fails, inasmuch as it charges the uttering of a bill purporting to be of the denomination of twenty dollars, while at the same time it describes a fifty dollar bill. The charges are, therefore, reduced to those contained in the second, third, seventh and eighth counts, and, in regard to each of these, the bill offered to support it presents a question of variance. The objections taken to these bills were overruled at the trial with leave to argue the question more deliberately, upon a motion for a new trial, in case of conviction. The jury having found the accused guilty of the offenses set forth in the second, third, seventh and eighth counts, a motion for a new trial has accordingly been made, upon the ground that the bills admitted in evidence do not conform to the descriptions given in the indictment.

In each of the counts under consideration, the accused is charged in respect to a particular bill which the count states to be "as follows," and then adds, with absurd particularity, what is intended for a copy of every word and figure both on the face and on the back of the bill. The words "which is as follows," in these counts, are equivalent to the words "words and figures following," and must be held to mean, that the tenor of the bill is given. Under such an indictment, the rule is, that the description set forth, although needlessly particular, must conform to the instrument given in evidence. By this, however, is not meant, that a mere literal variance will be fatal. Variances which may be fairly considered to be merely literal, which do not make a word different in sense and grammar, which leave the sound and sense, in substance, the same, are not considered material variances. within

the rule. U. S. v. Hinman [Case No. 15,370]. The rule, of late, has been much relaxed. May v. State, 14 Ohio, 466. As respects the bill offered in support of the second count, it appears, that the abbreviations of certain Latin words which form an inscription upon the seal of the treasury, as stamped on all genuine bills, are incorrectly given in the indictment. In the indictment, letters appear upon what is intended to be a copy of the seal, but those letters do not form the abbreviations found in the bill offered, nor do they form any word, Latin or English. Another variance appears on the back of the bill. In the indictment, the phrase is "except on duties." In the bill, it reads "except duties." In another place, the words of the indictment are "counterfeited bill," while the bill reads "counterfeit bill." In the third count, similar discrepancies in respect to the inscription on the seal appear, while the words "hard labor," found on the back of the bill, do not appear in the indictment; also, the words "its full value" read, in the indictment, "is full value." In the fourth count, errors in respect to the inscription on the seal also appear, and, in addition, the word "counterfeited," found in the indictment, does not appear upon the bill offered in evidence. In the seventh and eighth counts, the inscription on the seal is not correctly set forth, and the word "other" is omitted, in setting forth the endorsements on the bill.

If these various discrepancies were all to be found in each count, it would be impossible to disregard them. But, they are distributed among several counts, and, inasmuch as each count contains a separate charge in respect to a different bill, it becomes necessary to consider each count by itself. If any one count be supported by the bill offered in evidence under it, the conviction upon that count can be sustained, whatever might be the result as to the other counts. I consider, then, the second count. Here, the variances are in the inscription on the seal; the omission of the word "to;" the insertion of the word "on;" and the addition of the letters "ed" to the word "counterfeit." As respects the defect in setting forth the abbreviations which form the inscription on the seal, I think they may be disregarded, as being a mere variation in letters. The inscription on the bill contains no complete word, and the letters set forth in the indictment, as the inscription, do not form any word, either Latin or English. It is impossible, therefore, to say that any word has been omitted or incorrectly given. The variation is in respect to letters. The next defect is the omission of the word "to" from the phrase "pay to the bearer." But, this defect is not such as changes the sense in any way. The contract stated remains the same. Such a variance is not deemed material. In Quigley v. People, 2 Scam. 301, the word "or" was omitted from the phrase

"B. Aymar or bearer." The variance was held unimportant. See, also, May v. State, 14 Ohio, 466. The next defect consists in inserting the word "on" before the word "duties," in the sentence "all other dues to the United States, except duties." Here, too, the insertion makes no change in the sense, and, if the word "or" could be omitted from the phrase "B. Aymar or bearer," the variance in question is, certainly, unimportant. The remaining defect is in the addition of the termination "ed" to the word "counterfeit." This is merely literal. No word different in sense and grammar is made. In Com. v. Parmenter, 5 Pick. 279, upon a question of variance, it is said: " 'I promised' would be construed to mean, 'I promise.' " See, also, Butler v. State, 22 Ala. 48. In respect to all these differences, I also remark, that no request was made to have them submitted to the jury—a course suggested by the court in U. S. v. Hinman [supra]. My conclusion, therefore, is, that, in admitting the bill offered to support the second count, I went no further than other courts have gone, and, as to this count, I hold that the conviction must stand.

As to the other counts, I do not feel called on to express an opinion, inasmuch as the requirements of justice will be satisfied if judgment be entered upon the second count alone. Sentence will, accordingly, be pronounced upon the second count alone.