UNITED STATES v. MARCUS.

(Circuit Court, S. D. New York. January 20, 1893.)

1. COUNTERFEITING—FIVE-DOLLAR NOTE.
   Act Aug. 5, 1861, (12 St. at Large, p. 313, § 3,) authorized the issue of five-dollar treasury notes, and an indictment charging the uttering of a counterfeit of such a note is good.

2. SAME—INDICTMENT—REPUGNANCY.
   Where an indictment for passing counterfeit money sets forth the counterfeit note by its tenor, but misdescribes it as a treasury note, when in fact it is a United States note, the misdescription is immaterial. U. S. v. Bennett, 17 Blatchf. 357, followed. U. S. v. Mason, 12 Blatchf. 497, distinguished.

**3.** SAME—VARIANCE.

Where the matter set forth in an indictment for uttering a counterfeit five-dollar note is proved as laid, and the indictment does not charge that the matter set forth constituted all the matter printed on the note, proof of a mere notice, which is no part of the contract, but is required by law to be placed on such notes, does not constitute a variance, although such notice was not alleged in the indictment.

**4.** SAME—INDICTMENT.

The allegation in an indictment for passing a counterfeit note that the note was "in the words and figures following," does not mean that all the words and figures printed on the back of the note, and forming no part of the contract set forth on its face, are stated.

**5.** SAME—CONFESSION.

Under an indictment for uttering counterfeit money with intent to defraud, the corpus delicti is sufficiently proved by showing that the counterfeit note has been uttered as true, and the agency of the accused in passing the note may then be proved by his confession.

At Law. Indictment against Nathan Marcus for uttering a counterfeit note. On motion in arrest of judgment and for a new trial. Dismissed.

John O. Mott, for the United States.
Abram J. Rose, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion in arrest of judgment and for a new trial. The motions were heard together. The charge against the defendant was of passing counterfeit money. It appeared in evidence that the accused, on a certain day, took to the Butchers' & Drovers' Bank certain bills for deposit to his credit; that the receiving teller ascertained that one of the bills was a counterfeit, and thereupon stamped on the face of the bill, in plain and large letters, the word "Counterfeit," and returned the bill to the defendant. Afterwards the defendant pasted a piece of white paper over the word "Counterfeit," which had been stamped upon the bill, so as to conceal the word stamped on the bill; and then, on an application made by one Raphael Abel for some money to pay a working girl, the defendant paid him, among other bills, the bill in question. The bill was afterwards given by Abel to the girl, and upon her tendering the bill to a third party it was rejected as counterfeit, and thereupon returned to Abel. The defense was that the defendant passed the bill to Abel by accident, not knowing at the time that the bill on which he had pasted the paper over the word "Counterfeit" was among the bills he gave to Abel. The jury found the defendant guilty. He now moves in arrest of judgment, and for a new trial, upon several grounds.

The first ground is that the indictment charges no offense, because it charges the defendant with uttering a treasury note of the denomination of five dollars, when, as it is claimed, no five-dollar treasury notes were authorized by law. This objection seems to be founded upon a misapprehension of the statute. By the act of August 5, 1861, (12 St. at Large, p. 313, § 3,) five-dollar treasury notes were authorized.

Next it is contended that the indictment is repugnant because it designates the bill uttered as a treasury note, when the note set forth

in the indictment is a United States note. This objection cannot be sustained. The decisions are that, where a bill is set out by its tenor in an indictment, any designation of it in the indictment is immaterial. It was so held by this court in the case of U. S. v. Bennett, 17 Blatchf. 357. The prior case of U. S. v. Mason, 12 Blatchf. 497, is not contrary to this. All that was said in the Mason Case is that a wrong designation of the bill was a defect. It was not said to be a fatal defect, and the count was not held bad for that reason, but for other reasons stated. The law applicable here is stated in Bennett's Case, supra.

Next it is contended that there is a fatal variance between the indictment and the proof because all the matter printed on the back of the note put in evidence is not set forth in the indictment. The matter set forth in the indictment was proved as laid. The indictment does not charge that the matter set forth constituted all the matter on the back of the bill, nor was it necessary to set forth all the matter on the back of the bill. What is omitted is a mere notice required by law to be placed upon notes of this character, but which is no part of the contract. The allegation of the indictment that the bill was in the words and figures following does not mean that all the words and figures printed on the back of the bill, and forming no part of the contract set forth on the face of the bill, are stated. Where an instrument is set forth in the indictment by its purport, the allegation refers to what appears on the face of the instrument. U. S. v. Hinman, 1 Baldw. 292.

The remaining question is raised by the objection taken to the proving that the accused was the person who passed the bill to Abel by the confession of the accused that he so passed it. In support of this objection the rule that the corpus delicti cannot be proved by the admission of the accused is relied on. That rule was not infringed at the trial of this case. When the charge is uttering counterfeit money with intent to defraud, the corpus delicti is sufficiently proved when it is shown that the counterfeit bill described had been uttered as true. That being shown, the agency of the accused in passing the bill may be shown by his confession. Abb. Tr. Brief, p. 305. In this case the uttering of the bill as true to Abel was clearly proved before evidence of the confession of the accused was admitted.

I am also asked to set aside the verdict as not supported by the weight of evidence. In my opinion the verdict was in accordance with the weight of evidence.

Both motions must therefore be dismissed.