## HAUPT *v.* THE STATE.

1. The court committed no error in admitting the evidence of which complaint is made in those grounds of the motion for new trial not dealt with in the note below. The evidence here referred to was material and pertinent, and bore on the issue involved in the case. Nor did the court err in ruling that the language used by the solicitor-general in his argument to the jury was pertinent to the case. While the language complained of was harsh, it was, in view of the evidence, legitimate.
2. While in an indictment for forgery only the material parts of the instrument, as a contract, are required to be set out, yet when, as descriptive of the instrument charged to have been forged, minute particulars, such as the number of a check, are set forth in the bill, those particulars must be proved as laid; and when a bill of indictment charges the alteration of a check which is in part described as bearing a specified number, a check of similar import as that described but bearing another number is not admissible as being the original check alleged to have been altered.

Argued June 19, — Decided July 19, 1899.

Indictment for forgery. Before Judge Falligant. Chatham superior court. March term, 1899.

*Walter C. Hartridge,* for plaintiff in error.
*W. W. Osborne, solicitor-general,* contra.

LITTLE, J. 1. George W. Haupt was indicted by the grand jury of Chatham county, for forgery. The bill of indictment contained two counts, one for falsely and fraudulently altering a certain genuine check, which is set out by its tenor. The second count charged the accused with falsely and fraudulently passing the same check. He was convicted, and made a motion for a new trial, which being overruled, he excepted. In addition to the grounds that the verdict was contrary to the evidence and against the law, the movant alleged that the court erred in admitting certain evidence of a witness, which is set out in the motion; and, by the third ground, that the court erred in admitting in evidence certain other genuine checks drawn by the maker of the check alleged to have been altered; and, in the fourth ground, that the court erred in admitting the testimony of a witness of a conversation he had with the accused about the time it was charged that the check was altered, in which the accused stated to witness that he was then under arrest on account of some transaction he had had with

a certain church, and that he, the accused, was short of that fund about $1,100.00, and that the church had demanded settlement of his account; the witness testifying that the accused at the same time handed him a thousand dollars in money, together with a check on the Citizens Bank. The witness further testified that the occasion of the conversation was that the accused had sent for him to come up town and stand on his bond. It was also alleged, in the motion for new trial, that the court erred in permitting the solicitor-general in his argument to the jury to use the following language: "He [referring to the defendant] is a self-confessed thief. He is a man who confessed that he was short with the church," and other language not sustained by the evidence. All of said rulings were made over the objection of the counsel for the accused, offered at the proper time. We do not think that any error was shown under either of these grounds. Certainly the evidence tended to show facts and circumstances which, if true, bore on the issue involved. The language of the solicitor-general in making his argument to the jury, as explained, does not call for any reversal of the judgment overruling the motion. While counsel should be confined to the evidence in the case, and should not be permitted to indulge in abusive epithets of the person on trial, at the same time the field of legitimate argument is not circumscribed by any rule which forbids counsel to draw conclusions from the evidence and in plain words to characterize the conduct of the accused. As to whether the evidence supports such a characterization neither this court nor any other ought to stop to inquire. Counsel for the accused will almost certainly put a different interpretation on evidence tending to show facts from which guilt may be inferred than that placed on the same evidence by the State's counsel; and so long as the latter remains within the domain of construction as distinguished from unwarranted abuse, he is not to be restrained. It is just as legitimate for the solicitor-general to say to the jury that from the facts proved the defendant is a confessed thief as it is for the counsel for the accused to say to the jury that the facts demonstrate that the accused is an innocent and much-wronged man. Both are conclusions. Neither may

be right. Each is within the legitimate limits of argument. While the language used by the solicitor-general appears to be harsh, it was, in view of the evidence, legitimate.

2. The remaining ground of the motion necessary to be specifically considered alleges error in that the court allowed the State to introduce in evidence the check which the accused was charged with having altered. The objection made to the introduction of this paper was, that the indictment set out by its tenor a check in all respects conforming to that offered in evidence, except in the indictment as a part of the check it had on the face of it No. 36, while the check offered in evidence had on its face No. 136. We find that the check offered in evidence, as it appears in the record, is different in several respects from the copy set out in the bill of indictment. The only point, however, which is made is that the check offered has on its face, in place of the "No. 36" as set out in the indictment, the words and figures "No. 136"; thus raising the question whether there was such a variance between the writing offered and that described in the indictment as rendered the former inadmissible in evidence. The able counsel who argued the case for the State in this court cited us to a number of authorities to prove the proposition that only material allegations are necessary to be proved. Among these are Clark's Criminal Procedure, Wharton's Criminal Pleading and Practice, Bishop on Criminal Procedure, and other modern and standard works which refer to the adjudications under which the rules there laid down are formulated. From an examination of these authorities, however, we are led to believe that, while the principles contended for are sound and supported, they are applicable only when the question is raised whether the instrument offered is admissible for want of sufficient description in the indictment, and not as to what differences between the description as laid and the instrument offered will cause the latter to be rejected as a variance. As an example, referring to the citation made from Wharton's Criminal Pleading and Practice, cited as showing that modern rules tend to establish the doctrine that variance in the writing or printing is immaterial if the identity of the writing is manifest, it will be found that in the text to

support which the reference is made, the author is treating the question whether instruments, as in forgery and libel, must be set out in full in the indictment; and it can not, of course, be made applicable to the question as to what variances between the description *as made* in the indictment and the instrument offered are fatal.    The same is true as to the citations from other text-writers who, as we shall presently see, lay down an entirely different rule to determine the question made in this record.    It must be admitted as a correct proposition of law, that, in setting out in the bill of indictment a copy of the instrument alleged to have been forged, it is not necessary to include marginal notes, figures and numbers; because such do not form any material part of the instrument, and, in so far, the old doctrine obtaining at common law has been modified. Mr. Bishop in the second volume of his New Criminal Procedure, § 406, declares the rule to be, that a recital by tenor should closely follow the original, but the number of a bankbill, the devices, figures, and words in the margin, introduced for ornament or to prevent counterfeiting, need not be averred (§ 407, note 8); that no allegation of a revenue stamp is essential in an indictment for forgery.    In the case of the Commonwealth *v.* Taylor, 5 Cush. 609, the Supreme Judicial Court of Massachusetts held that the omission to recite figures, letters, and numbers does not vitiate the indictment.    And in Commonwealth *v.* Bailey, 1 Mass. *62, it was held that the number of a bank-bill need not be set out in an indictment for forgery. See also, to the same effect, People *v.* Franklin, 3 Johns. Cas. 299.

All modern works, so far as we are informed, agree with these rulings.    So that we may take it as established that the old common-law rule, which required instruments in cases of forgery to be literally set out in the bill of indictment, has been so modified as not to require minuteness of description. But that is not the question presented by this record, but whether, when a number has been set out as part of the description, it is necessary to prove it as laid.    Mr. Bishop, in his New Criminal Procedure, after recognizing the doctrine that it is not necessary to particularize the instrument in the indictment by setting out numbers, devices, etc., says (vol. 2,

408): "The pleader may, if he chooses, set out what is un-
necessary; then, it being descriptive and in further particulari-
zation of the necessary part, the averment in this, as in the rest,
must correspond with the instrument in proof, or the variance
will be fatal." Mr. Clark, in his Criminal Procedure, p. 326,
states the rule to be, that "if an unnecessary allegation is descrip-
tive of the identity of anything which it is necessary to state
and prove, it can not be so rejected, but must be proved." Un-
derhill on Criminal Evidence, §421, declares the rule to be,
that any material variance between the alleged forged writing
as proved and as set forth in the indictment is fatal when the
writing is pleaded according to its tenor; and, for the proposi-
tion that while it is not necessary for the indictment to describe
the writing with extreme minuteness, yet when so described
strict proof must be had, cites 9 S. W. Rep. 245 (Ky.); 31 Mo.
120; 5 Hammond, 5; 40 W. Va. 726; 2 Gray, 70; 58 Ark.
242. See also 2 McClain on Criminal Law, §798; Wharton's
Cr. Ev. §114; 1 Barbour's Crim. Law, p. 344. But there are
several adjudications on the exact point raised in this case. It
was held by the Supreme Court of Ohio, 14 Ohio St. 55, that
while it was not necessary to the validity of the indictment to
set out numbers, mottoes, devices, words, or figures in the
margin which constituted no part of the contract of the instru-
ment, yet, if the indictment contained allegations descriptive
of the identity of the bills charged to have been sold, such al-
legations, though unnecessary, could not be rejected as surplus-
age. And, accordingly, the court held that the trial court
erred in allowing bank-notes Nos. 1750 and 1758, or either
of them, to be given in evidence, when the bank note set out
in the indictment was No. 175, on the principle that the num-
ber set out in the indictment was descriptive and for the pur-
pose of identifying the bill; being so, it must be proved as de-
scribed; citing 3 Starkie on Evidence, 1530; State v. Noble,
15 Maine, 476. In the case of United States v. Mason, 12
Blatchf. 497, the court held that, "In an indictment for utter-
ing a counterfeit bill, if the bill is incorrectly described in
respect to its bill number, the variance is fatal." And the
rule is stated to be, that under such an indictment the descrip-

tion set forth, although needlessly particular, must conform to the instrument given in evidence.

The rule which we are contending for has also been recognized by this court. In the case of *Fulford* v. *State*, 50 *Ga.* 591, the accused was indicted for an assault with intent to murder. The indictment particularized the offense as having been committed "by pushing, striking, assaulting, and threatening the said J. A. Conway." In that case the court followed the rule, that if the prosecutor state the offense with unnecessary particularity, he will be bound by that statement and must prove it as laid; and in discussing what were material and immaterial averments, and where those which might have been omitted when once introduced become an important part of the indictment, not to be rejected as surplusage, said: "It was not necessary that the pleader should have stated the acts of the defendant which constituted his 'aiding and abetting,' or to define how it was done. The 'aiding and abetting' was an essential averment. The defendant was charged with so doing 'by pushing, striking, assaulting and threatening the said Conway.' He was put on notice that it would be proved on him that he did these things. He proposes to meet the charge and show that he did not push, strike, assault, or threaten the said Conway. . . The prosecution, knowing this, proposes to strike out all these descriptive averments and leave an open field for any and all proof of any and all forms or ways in which the aiding and abetting may be shown. This would be permitting a defendant to be called upon to meet a charge specifically made in one form, and then to allow him to be convicted by a change of the indictment on proof of acts totally distinct from those of which he was notified." In the case of *Crenshaw* v. *State*, 64 *Ga.* 449, the indictment charged the accused with stealing "one blue hog, to wit, a sow weighing about 140 pounds and having the marks following, to wit, a swallow fork in the right ear and a smooth crop in the left ear." The description proved at the trial differed from that set out in the indictment, in that, among other things, the left ear bore the swallow fork and the right ear the smooth crop. This court held, through Justice Bleckley:

"Though it was unnecessary to have described the animal by the ear-marks, yet the descriptive terms of the indictment having gone to this extent, the burden was assumed of proving the specific marks alleged. Ros. Cr. Ev. 192; 2 Russ. on Crimes, 788; 15 Me. 476; 50 *Ga.* 591." In the case of *Allgood* v. *State*, 87 *Ga.* 668, the plaintiff in error was indicted, tried, and convicted of forgery. The instrument charged to have been forged was a deed. Its admissibility was objected to on the ground that it did not correspond with the one set out in the indictment. The variances were these: the word "hereby" appeared in the first line of the second page of the indictment, while in the deed the word "hereby" appeared to be in the third line; the indictment used the word "parcel," in the deed it was spelled "parsel"; the indictment had the word "heirs," the deed "hears"; the indictment had the word "warrant," the deed had it "warent." This court held in that case, that these small variances in spelling were not sufficient to vitiate the indictment for forgery, nor to prevent the forged deed from being put in evidence; and in so ruling it was in exact accord with an established rule (not in conflict with the rule of evidence we have just shown to exist) stated by Mr. Barbour in his work on Criminal Law, supra, to be that when a written instrument or parts of it are professed to be set out verbatim, the slightest variance between the indictment and the evidence in this respect would be fatal. A mere literal variance, however, where the omission or addition of a letter does not alter or change the word so as to make it another word, will not be material; as, "receved" for "received," "undertood" for "understood," "Messes." for "Messrs.," or the like. See also *Shope* v. *State*, 106 *Ga.* 226. Two rules must therefore be taken as established, namely, that where it is undertaken to literally set out a written instrument in an indictment, the original can not properly be admitted in evidence if there is a variation between the copy set out and the original offered, in matter of description; that while it is not necessary that minute particulars should be employed in setting out the copy, yet when so employed such particulars constitute matters of description, and being so, proof of the instrument must

correspond to the description as laid. In the copy as laid in the bill of indictment the number of the check "36" appears as a part of the description of the instrument which was alleged to have been altered; evidence to prove the allegation was offered to be made by a paper having an entirely different description as to number, that is, No. "136." The instrument offered, therefore, not only did not support the description which was given, but in one particular it differed from it. There was a variance, and because of such variance the instrument should not have been admitted. Having been admitted, a new trial is awarded.

*Judgment reversed. All the Justices concurring.*