### 1592.   MARTIN *v.* THE STATE.

HILL, C. J.  1. The fact that the name of a witness for the State, on the back of the indictment, was erased and the word "dead" written opposite the erased name, and that the indictment in this condition was given to the jury, does not constitute reversible error, especially where it does not appear when the erasure was made and the word "dead" written, or that, by the exercise of due diligence, the condition of the indictment could not have been discovered by the defendant or his counsel and the attention of the court called to it during the progress of the trial.

2. All reasonable latitude should be allowed attorneys in their arguments to the jury on the facts and on inferences and deductions from the facts. The argument of the solicitor-general in this case was·fairly deducible from the evidence.  *Walker* v. *State,* ante, 367 (63 S. E. 1, 2).

3. The evidence in support of the verdict is weak and not altogether satisfactory, but we can not say that it was wholly unwarranted; and the verdict having been approved by the trial court, we are not authorized to disturb it.                           *Judgment affirmed.*

Indictment for assault with intent to murder, from Liberty superior court—Judge Seabrook.  November 16, 1908.

Submitted January 13,—Decided February 9, 1909.

The plaintiff in error was indicted for assault with intent to murder, and was convicted of the statutory offense of shooting at another.  The indictment charged that he made an assault upon Hicks Moody and Allen Henry by shooting at them with a ·gun. From the evidence it appears, that while in a buggy, driving along a country road, about dark, he overtook Allen Henry and Hicks

Moody, who were walking, and, on being hailed by him, Moody stopped his buggy, and a conversation took place between the two, in which Moody called him a liar, whereupon he got out of the buggy and fired at Allen Henry twice, although Henry had taken no part in the conversation and had done nothing to cause him to shoot. Henry was hit in the leg and seriously wounded. Moody was not hit, and the evidence shows that the defendant shot only at Henry. The defendant, in his statement to the jury, said, that while he was sitting in his buggy, Moody called him and came up to the buggy and engaged in an argument with him, called him a liar, and grabbed a gun which he had in the buggy, whereupon a tussle began for the possession of the gun, and he got out of the buggy, and in the struggle the gun went off and struck Henry accidentally. The evidence failed to disclose any motive on the part of the defendant for shooting Henry; it appeared that these two were lifelong friends, and there was no present trouble between them,

Hicks Moody's name was marked on the back of the indictment, as that of a witness for the State. He was not introduced as a witness, and his absence was not accounted for by evidence. After the verdict had been rendered it was discovered by the defendant's counsel that Moody's name on the back of the indictment had been marked out and the word "dead" written opposite the erased name.

Besides the general grounds there are three special grounds of the motion for a new trial: (1) That, without the knowledge or consent of counsel for the defendant, the indictment was permitted to go to the jury with the name of Moody, the State's witness, marked out and the word "dead" written opposite it, thus illegally and improperly getting evidence before the jury that Moody was dead, and for that reason did not testify in the case. (2) That the court erred in permitting the solicitor-general to argue to the jury that there had been an effort on the part of the defendant to settle or compromise with Allen Henry, the prosecutor. The following language is set out in this ground: Solicitor-general: "Why, gentlemen of the jury, they have tried to settle this thing and not have a trial. What does it mean?" Counsel for the defendant, to the court: "If your honor pleases, I don't think that line of argument is proper; and besides, there has been no evidence that there has been any attempted settlement between the parties."

The court, to counsel and the jury: "The jury has heard the evi-- dence and can determine what has been proved. Go ahead with the argument." Thereupon the solicitor-general, continuing his, argument, said: "There was an effort, gentlemen of the jury, to settle this case. If there wasn't, why did Simon Martin bring- the defendant here to me in court, and why did Allen Henry make a statement to the judge about the case? Simon Martin says he· is only the bondsman of the defendant and brought him to me for- that reason. He brought this man in court and came here with him to get this thing settled. And all this shows that this defendant· is guilty, for he wanted to get it dropped." It is insisted that the language of the solicitor-general was improper, illegal, and prejudicial to the defendant, and that the court should have stopped the solicitor-general, on objection made by' counsel for the· defendant, and instructed the jury not to consider such argument or statement. (3) That the court's statement to the jury, set out in the second ground, was error, because it created the impression with them that the question as to whether there had been an effort to settle the case was a material issue for them to determine· in passing upon the guilt or innocence of the accused.

*Shelby Myrick,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.