## CIEUCEVICH *v.* THE STATE.

1. The writ of certiorari lies from a judgment of the city court of Savannah overruling a motion for a new trial in a misdemeanor case tried therein.
2. The chief judge of the municipal court of Savannah, who is ex-officio judge of the city court of Savannah, under the act of the General Assembly amending the constitution of the State and creating the municipal court of Savannah, approved August 13, 1915 (Acts 1915, p. 124), and the further act of 1915 (Acts 1915, p. 122), is authorized to draw a panel of jurors and swear them in for the trial of a criminal case in which he as ex-officio judge of the city court is to preside; and such duty does not devolve solely upon the regular judge of the city court.

No. 660.   APRIL 12, 1918.

Questions certified by Court of Appeals (Case No. 9074).

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

HILL, J. The Court of Appeals desires instructions upon the following questions:

"1. Will a writ of certiorari lie from a judgment of the city court of Savannah overruling a motion for a new trial in a misdemeanor case? This question is now before the Supreme Court in the case of *Dixon, sheriff,* v. *Sable* (No. 371), submitted on June 20, 1917. If the preceding question should be answered in the affirmative, then an answer is desired to the following question.

"2. On the 21st day of February, 1917 (before the passage of the act by the General Assembly of Georgia at its 1917 session, providing specifically that the ex-officio judge of the city court of Savannah may draw juries when holding court in a separate division of such court), was the chief judge of the municipal court of Savannah (who, under the act of the General Assembly of Georgia amending the laws relating to the city court of Savannah, approved August 13, 1915 (Acts 1915, p. 124), and the act of the

General Assembly of Georgia amending the laws relating to the city court of Savannah, approved August 13, 1915 (Acts 1915, p. 122), is ex-officio judge of the city court of Savannah, and may preside in the trial of criminal cases in that court where the judge of the city court is disqualified, and 'in such other causes as may be required by law or by the exigencies of the . . court') authorized to draw a panel of jurors and swear them in for the trial of a criminal case in which he, as ex-officio judge of the city court, was to preside; or did such duties devolve solely upon the judge of the city court?

"2. (a) It appears that at the time when the ex-officio judge of the city court of Savannah drew the jury which was challenged, there had already been drawn by the judge of the city court of Savannah another and separate venire of traverse jurors for service at that term of court."

1. In the case of *Dixon* v. *Sable,* 147 *Ga.* 623 (95 S. E. 240), where the same question was involved, it was held that a writ of certiorari will lie from a judgment of the city court of Savannah overruling a motion for a new trial in a misdemeanor case. The first question is therefore answered in the affirmative.

2. The next question to be answered is, whether the chief judge of the municipal court of Savannah, who is ex-officio judge of the city court of Savannah, and who may preside therein in criminal cases where the judge of the city court is disqualified and in such other cases as may be required by law or the exigencies of the court, is authorized to draw a panel of jurors and swear them in for the trial of a criminal case in which he as ex-officio judge of the city court is to preside; or does this duty devolve solely upon the judge of the city court. The act of 1915 (Acts 1915, p. 122) provides: "That the chief judges of the municipal court of the city of Savannah be and they are hereby made ex-officio judges of the city court of Savannah, and they are directed to preside in the city court of Savannah in the trial of criminal causes, in the trial of causes where the judge of the said court is disqualified, and in such other causes as may be required by law or by the exigencies of the said court." It is further provided (p. 123): "That the said court may be held in divisions so that different cases may be tried in said court contemporaneously by the different judges thereof." Section 6 of this act declares: "The judges in drawing

juries shall draw but one ticket from the box at a time," etc. And
see the act of 1915 (Acts 1915, pp. 124, 128), establishing the
municipal court of Savannah, where it is provided, in section 8,
"That the chief judge of said court shall be ex-officio a judge
of the city court of Savannah; and he is hereby directed to preside
in the city court of Savannah in the trial of criminal cases, in the
trial of causes where the judge of the city court is disqualified,
and in such other cases as may be required by law or by the exigen-
cies of the court. As ex-officio judge of the city court of Savannah,
said chief [judge] shall, while presiding therein, have all the power
and authority of the judge of the city court of Savannah." The
last-recited act is an amendment to the constitution of the State,
abolishing the office of justice of the peace in certain cities and
conferring on the General Assembly the power to establish in lieu
thereof such court or courts as it may deem necessary. The act
first quoted from was passed in pursuance of the constitutional
amendment, which was duly ratified.

It will be observed, from both the constitutional amendment and
the act of the General Assembly passed in pursuance thereof, that
the chief judge of the municipal court shall be ex-officio a judge
of the city court of Savannah, and the section of the amendment
quoted provides that such ex-officio judge shall, while presiding in
such court, "have all the power and authority of the judge of the
city court of Savannah." One of the powers of the city-court
judge is to draw jurors for service in the city court. Code of 1882,
§§ 4951, 4952. It will be noted, too, that the act first quoted from,
section 6, recites that "the judges in drawing juries," etc. The
legislature in using the plural number evidently intended to confer
on the "judges" the authority to draw juries,—not merely on the
city-court judge, but on the municipal-court judge also when pre-
siding as ex-officio judge in the circumstances stated in the act.
From the brief of counsel for the plaintiff in error it appears that
at the time of drawing the jury by the judge of the municipal
court, presiding in the city court of Savannah, the judge of the
city court had already drawn a venire of jurors for the attendance
at that term of the court, and that they were in attendance, and
that the panel put upon the defendant was not a part thereof; and
it is fairly inferable, we think, that at the time of the drawing of
the second jury by the judge of the municipal court the two judges

were sitting in separate divisions, and that it was necessary to exercise the power conferred upon him by the acts of 1915 to draw the jury which was objected to by the challenge to the array. It was evidently under such circumstances as these that the legislature intended, both by the amendment to the constitution and·by the act of 1915 passed in pursuance thereof, to confer the power on the ·chief judge of the municipal court, who is ex-officio judge of the city court while presiding therein, as was conferred on the judge of the city court. The fact that the legislature in 1917 (Acts 1917, p. 274) expressly conferred such powers on.the judges of the city court of Savannah does not change the effect of the acts of 1915, to which reference has been made, relatively to the drawing of the jury challenged in the present case. We think the acts of 1915 conferred on the chief judge of the municipal court of Savannah, when acting as ex-officio judge of the city court of Savannah, authority to draw a panel of jurors and swear them in for the trial of a criminal case in which he as such judge was to preside in accordance with the terms of the act of· 1915. The second question propounded by the Court of Appeals must therefore also be answered in the affirmative.

*All the Justices concur, except Fish, C. J., absent.*