### 9264. McLEOD *v.* THE STATE.

BLOODWORTH, J. 1. Under the opinion of the Supreme Court in answer to certified questions in the case of *Cieucevich* v. *State,* 147 *Ga.* 816 (95 S. E. 670), the trial judge did not err in overruling the challenge to the array of jurors. See also 22 *Ga. App.* 240 (95 S. E. 933).

2. When read in connection with the entire charge of the court, no error warranting a new trial appears in the excerpts of which complaint is made.

3. Under the explanatory note of the trial judge, no error was committed in refusing to allow the witnesses to testify as complained of in grounds 4 to 15 of the amendment to the motion for a new trial.

4. The motion for a new trial complains that "the sentence is excessive," and that "the court· in sentencing the defendant did not exercise his legal discretion." "Objection that a sentence imposed in a criminal case is for any reason illegal or irregular can not be made the ground of a motion for a new trial." *Elzie* v. *State,* 21 *Ga. App.* 501 (94 S. E. 627). And see *Weldon* v. *State,* 21 *Ga. App.* 332 (9) (94 S. E. 327).

5. It is complained that the solicitor-general used "improper language" and "improper argument" in his speech to the jury, and that upon motion .promptly made the court declined to declare a mistrial. The parts of the argument complained of are proper and legitimate "inferences and deductions from the facts." "All reasonable latitude should be allowed attorneys in their arguments to the jury on the facts, and on inferences and deductions from the facts." *Martin* v. *State,* 5 *Ga. App.* 606 (2) (63 S. E. 605); *Walker* v. *State,* 5 *Ga. App.* 367 (63 S. E. 142). "Flights of oratory and false logic do not call for mistrials. or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Western & Atlantic R. Co.* v. *York,* 128 *Ga.* 687 (2) (58 S. E. 183). Civil Code (1910), § 4957. Besides, the evidence demanded the verdict rendered. *Moore* v. *State,* 10 *Ga. App.* 805 (2) (74 S. E. 315).

6. Before it will be held the trial judge erred in refusing a request to charge to the jury on a stated subject, it must appear that a proper request was made in writing and presented to the judge before the jury retired "to consider of· their verdict." Penal Code (1910), § 1087; Civil Code (1910), § 6084. It does not so appear in the 20th ground of the amendment to the motion for new trial in this case.

      *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
           DECIDED MAY 1, 1918.

Accusation of misdemeanor; from city court of Savannah— Judge Rourke. October 3, 1917.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.