19237. TAYLOR *et al. v.* STATE.

DECIDED JANUARY 15, 1929.

*Homer L. Causey,* for plaintiffs in error.

*A. B. Spence, solicitor-general, T. R. Gress,* contra.

LUKE, J.   Lester Taylor and Albert Music were convicted of the larceny of two turkey-hens and two gobblers belonging to D. I. Rigdon.   The defendants' motion for a new trial, based upon the general and two special grounds, was overruled, and they excepted.

It appears from the testimony of the State's witnesses that Rigdon missed his turkeys, and, upon investigation, found that the defendants had sold four turkeys to W. B. Taylor, who, in turn, sold them to G. W. Taylor; that Rigdon then inquired of G. W. Taylor, and found in his possession a turkey-hen and two gobblers answering the description of Rigdon's turkeys, and they were turned over to Rigdon; that Taylor thought it likely that the other turkey-hen had been shipped off to market; and that when Lester Taylor's attention was called to the matter he said that he and Music, the other defendant, "would pay for the turkeys and not have it in court."

The defendants admitted selling four turkeys to W. B. Taylor, but maintained that Mrs. Mary Jane Music, the mother of Albert Music and the mother-in-law of Lester Taylor, and with whom the defendants lived, formerly had turkeys that strayed off and took up in the woods; that they were told that turkeys had been seen on an island about a mile and a half from Mrs. Music's home; and that, thinking these turkeys were the offspring of Mrs. Music's turkeys, they captured and sold them.

Lester Taylor, one of the defendants, sworn as a witness for his codefendant Albert Music, told how the turkeys were caught, in these words:   "We had spotted these turkeys, and knew where they roosted, by the signs under the trees and under the limbs, and on Saturday afternoon late we went over there to where they roosted, and they flew up on limbs about twelve or fifteen feet high, and we waited over there in the bushes and trees, and, after they got in the trees,  . .  we slipped up under them and caught the four with wires.   I had a flash-light in one hand, and shined it up on them, and they did not fly,—that is the four we got did not fly, but after we got them there were a few more that did fly.   I continued to hold the flash-light in one hand, and I had two wires with a

hook on the end, and Albert had two wires with a hook on them just bent down to make a hook on the wire, and we slipped those up to the turkey's legs, and pulled four of them down at one time. They were rather wild turkeys, but we did catch them. We carried them to Mrs. Music's house, and put them in a crib and fed them until we carried them away on Tuesday. . . This sure happened, and it happened on Saturday night before the Monday they accuse Albert and myself of stealing Dan Rigdon's turkeys. It was about dark, or hardly good dark, when we caught these turkeys out of the trees."

The jury, of course, had the right to say what was the truth of the transaction, and, since there is evidence to sustain the verdict, the court did not err in overuling the general grounds of the motion for a new trial.

In the first special ground complaint is made that the court erred in refusing to declare a mistrial because the solicitor-general, in addressing the jury, said: "Lester Taylor, this witness, is a monumental liar, and I want to introduce him at the next liar's convention:" it being urged at the time that this statement was improper, and not warranted by the evidence or the law. Generally, "remarks of counsel while addressing the jury, which do not undertake to introduce any material fact not disclosed by the evidence, do not constitute a sufficient ground for declaring a mistrial." *Tanner* v. *State,* 164 *Ga.* 490 (1) (139 S. E. 5). That decision is based on the decision in *W. & A. R. Co.* v. *York,* 128 *Ga.* 687 (58 S. E. 183), which cites the following pertinent cases: *W. & A. R. Co.* v. *Cox,* 115 *Ga.* 719 (42 S. E. 74); *Patterson* v. *State,* 124 *Ga.* 409 (52 S. E. 534); *Taylor* v. *State,* 121 *Ga.* 354 (7) (49 S. E. 303); *McNabb* v. *Lockhart,* 18 *Ga.* 507. The decision in *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959), cited by counsel for the plaintiffs in error, is a well-considered decision, but the reversal therein was based upon the proposition that the solicitor-general, in his address to the jury, used "highly improper language not authorized by the evidence or any fair deduction therefrom." "Counsel in discussing the credibility of a witness to the jury, may refer to the witness as a person of bad character, where there is evidence to that effect. *Thomas* v. *State,* 90 *Ga.* 437 (2) (16 S. E. 94). In the case of *Haupt* v. *State,* 108 *Ga.* 53 (34 S. E. 313), the solicitor-general referred to the defend-

ant as "a self-confessed thief." There the court said: "While counsel should be confined to the evidence in the case, and should not be permitted to indulge in abusive epithets of the person on trial, at the same time the field of legitimate argument is not circumscribed by any rule which forbids counsel to draw conclusions from the evidence and in plain words to characterize the conduct of the accused. As to whether the evidence supports such a characterization, neither this court nor any other ought to stop to inquire. Counsel for the accused will almost certainly put a different interpretation on evidence tending to show facts from which guilt may be inferred than that placed on the same evidence by the State's counsel; and so long as the latter remains within the domain of construction as distinguished from unwarranted abuse, he is not to be restrained. It is just as legitimate for the solicitor-general to say to the jury that from the facts proved the defendant is a confessed thief as it is for counsel for the accused to say to the jury that the facts demonstrate that the accused is an innocent and much-wronged man. Both are conclusions. Neither may be right. Each is within the legitimate limits of argument. While the language used by the solicitor-general appears to be harsh, it was, in view of the evidence, legitimate."

In this case the solicitor-general could have expressed his disbelief in Lester Taylor's testimony in language more temperate and better suited to the occasion, but it certainly can not be said that counsel's conclusion, though harshly expressed, was entirely unsupported by the evidence. Indeed, the solicitor-general had as much right to conclude from the evidence that Taylor's version of the manner in which he and his codefendant came by the turkeys was false, as counsel for the defendants had to urge that it was true. Applying the law to the facts of this case, the trial judge did not err in refusing to declare a mistrial because of the remarks of State's counsel; and there was no error in overruling this special ground of the motion for a new trial. The other special ground is similar to the one just considered, and is without merit.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*