32259. BYRD *v.* THE STATE.

Decided February 3, 1949.   Rehearing Denied March 24, 1949.

830

*Eugene M. Kerr*, for plaintiff in error.

*George Hains*, Solicitor-General, contra.

MacINTYRE, P. J. ■ The evidence authorized the verdict.

■ The testimony, objected to in special ground 1, given by the arresting officer was: "He [the defendant] did not give any explanation about what happened, but Mrs. Byrd [wife of the defendant] did. Mr. Byrd was conscious and present at this time. Mr. Byrd stated that he was going to end all his troubles. Mrs. Byrd said he got out of his bed and picked up this 4.10 shotgun. She stated he picked up this 4.10 shotgun and stepped to the kitchen door and fired one time at Miss Whittaker, unloaded the gun, and when he started to load it again she (Mrs. Byrd) grabbed it and they struggled into the backyard where Mr. Parker took the gun away from him." The objection to this testimony, as stated in the brief of the defendant, was that, if the statement was made in the presence of the defendant, it did not require any denial or affirmation at the time it was made. Under the evidence it was a question for the jury whether the defendant in fact heard the statement, *Knight* v. *State*, 114 *Ga.*

48 (1, 2) (39 S. E. 928, 88 Am. St. R. 17); and, if the jury found under the facts of this case that he did hear it, it would be a further question for the jury to determine whether under the circumstances an answer or denial or other conduct was required, and also whether the defendant's acquiescence or silence under the circumstances amounted to an admission. The admissibility of the evidence was properly determined by the court and the weight which might be given to such evidence was properly left to the jury. *Perry* v. *State,* 78 *Ga. App.* 273 (50 S. E. 2d, 709).

■ After the defendant had introduced three character witnesses, the record shows that the following took place: "Court: 'How many more character witnesses have you?' Mr. Kerr: 'I have about fifteen.' Court: 'Have you got any law that you can use more than three?' Mr. Kerr: 'No sir. I just thought I could throw the preponderance of the evidence in the court.' Court: 'Suppose you just use two or three of them, two or three more.' State: 'If that is the law, I am glad to hear it. You are telling me something and I hope the court invokes it.'" The defendant contends that this limited the number of character witnesses he could introduce to six, and that this was reversible error. The remark of the court, "Suppose you use two or three of them, two or three more," was, it seems to us, in the nature of a suggestion that six character witnesses might be sufficient to establish the fact in question rather than in the nature of a definite ruling refusing to allow the defendant the use of such witnesses, and we are strengthened in this opinion for, after the defendant had introduced such six character witnesses and had introduced another witness, Connell, to show that he had found a certain note in the defendant's pocket, the defendant introduced Mrs. Newman, who in response to a question asked by the defendant testified as to his good character and then testified that the note was in the defendant's handwriting. Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. *Hall* v. *State,* 202 *Ga.* 619, 621 (44 S. E. 2d, 234). The record in the instant case does not show that such witnesses were proffered, or if when

proffered the court refused to permit the witnesses to testify, or if proffered what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court.

■ In special ground 3 the defendant objected to the following testimony of Marion Whittaker, a witness for the State, "I know of three peace warrants that have been issued against Mr. Byrd for attacking my sister." (Myrtle, the person alleged in the indictment to have been shot), on the ground that, "if the witness swore out these warrants, let him introduce them in the proper manner, that is purely hearsay." The witness having testified that he knew the facts to which he testified, such testimony is certainly not hearsay. "'The law generally requires the production of the highest evidence of which a thing is capable; and evidence is to be excluded which supposes still higher evidence behind in the possession or power of the party. . . The general rule is most frequently applied to writings where proof is offered of their contents. The writing itself must be produced. But there are many exceptions as to writings.'" *Wise* v. *State*, 52 *Ga. App.* 98, 99 (182 S. E. 535). "'Where a matter is collateral to the real issues and comes in question and proof of it is admissible, it may be shown by parol evidence and need not be established by documentary evidence.'" *Blocker* v. *State*, 58 *Ga. App.* 560, 564 (199 S. E. 444). The witness's testimony here is as to his information on the collateral fact of the issuance, not the contents, of the writings—the peace warrants—and does not put in issue the reciprocal rights and duties of the parties under the writings, but puts in issue only the collateral fact that the three peace warrants issued. The question presented is not one of primary or secondary evidence, but simply proof of facts wholly collateral to the issue in the instant case where the defendant is charged with assault with intent to murder. The witness's information on these collateral issues was material, its source immaterial. Therefore, it was not reversible error to allow proof by parol testimony of such collateral matters. *Hyde* v. *State*, 70 *Ga. App.* 823, 828 (29 S. E. 2d, 820); *Streeter* v. *State*, 60 *Ga. App.* 190, 193 (3 S. E. 2d, 235). Moreover, W. E. Clark, one of the defend-

ant's character witnesses testified on cross-examination, "I do not know anything about a peace warrant being taken out against Mr. Byrd, I have heard there was one," which was unobjected to.

■ During the concluding argument to the jury, the associate counsel for the State made the following remarks: "Gentlemen of the jury, [under the evidence] this was a cold-blooded shooting and the defendant is a cold-blooded criminal." The defendant then and there moved for a mistrial on the ground that such remarks were improper, prejudicial, and scandalous, and not based on the evidence and were an expression of an opinion of guilt. The court overruled the motion in the following language; "I overrule the motion and instruct counsel to confine his remarks to the evidence and reasonable deductions to be drawn therefrom." We think that, in the absence of anything to the contrary, remarks of the associate counsel for the State should be regarded as a deduction from the evidence; hence the insertion by us of the brackets in quoting his remarks above. *Floyd* v. *State*, 143 *Ga.* 286, 289 (84 S. E. 971); *Johnson* v. *State*, 72 *Ga. App.* 534, 537 (34 S. E. 2d, 555). "While counsel should be confined to the evidence in the case, and should not be permitted to indulge in abusive epithets of the person on trial, at the same time the field of legitimate argument is not circumscribed by any rule which forbids counsel to draw conclusions from the evidence and in plain words to characterize the conduct of the accused. As to whether the evidence supports such a characterization neither this court nor any other ought to stop to inquire. Counsel for the accused will almost certainly put a different interpretation on evidence tending to show facts from which guilt may be inferred than that placed on the same evidence by the State's counsel; and so long as the latter remains within the domain of construction as distinguished from unwarranted abuse, he is not to be restrained. It is just as legitimate for the solicitor-general to say to the jury that from the facts proved the defendant is a confessed thief as it is for the counsel for the accused to say to the jury that the facts demonstrate that the accused is an innocent and much-wronged man. Both are conclusions. Neither may be right. Each is within the legitimate limits of argument. While the language used by the solicitor-general appears to be harsh,

it was, in view of the evidence, legitimate." *Haupt* v. *State*, 108 *Ga.* 53, 54 (34 S. E. 313, 75 Am. St. R. 19). We think that the associate counsel for the State in the instant case was within the domain of the construction of the evidence as distinguished from unwarranted abuse, and was not going outside of the facts in the record and legitimate inferences deduced therefrom. Under the evidence it is just as legitimate for the State's counsel to argue that this was a cold-blooded shooting and that the defendant was a cold-blooded criminal as it is for the counsel for the accused to argue that the defendant was an innocent man; that the shooting of his stepdaughter was an accident and that the defendant was merely the victim of an unfortunate accident. Both are conclusions drawn from the evidence and the defendant's statement. Neither may be right. Each is within the legitimate limits of argument, and the trial judge did not err in overruling the motion for a mistrial. *Taylor* v. *State*, 39 *Ga. App.* 102, 105 (146 S. E. 334); *Holmes* v. *State*, 7 *Ga. App.* 570 (67 S. E. 693); *Martin* v. *State*, 5 *Ga. App.* 606 (2) (63 S. E. 605); *Walker* v. *State*, 5 *Ga. App.* 367 (63 S. E. 142).

■ The criticized excerpts from the charge, when considered in connection with the entire charge, disclose no reversible error.

For the foregoing reasons, the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Gardner and Townsend, JJ., concur.*