[Moore v. The State.]

# Moore *v.* The State.

### *Distilling Liquor Without A License.*

(Decided Feb. 4, 1909.  48 South. 688.)

1. *Intoxicating Liquors; Evidence; Distilling; Jury Question.*—The evidence in this case stated and examined and held sufficient to require a submission to the jury of the questions of defendant's interest in the distillery, and sufficient to support a conviction.

2. *Appeal and Error; Review; Error Favorable to Appellant.*—The admission of evidence that others than defendant were operating the still on certain occasions, being favorable to the defendant, was at most harmless error.

3. *Evidence; Best Evidence; Collateral Issues.*—The question of the title and deed being wholly collateral to the main issue, it was competent for a witness to testify that he sold the land on which the distillery was operated to defendant and made him a deed thereto.

4. *Intoxicating Liquors; Distilling Without License; Instructions.*—It is not essential to a conviction for distilling without license that the person operating the still should have an interest therein, and a charge requiring a finding of the jury that defendant owned an interest in the distillery before he could be convicted, is properly refused.

5. *Same.*—A charge asserting that there must be an acquittal if the defendant did not operate the distillery alone, is properly refused as misleading.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

J. T. Moore, alias, etc., was convicted of distilling without a license, and appeals.  Affirmed.

The evidence sufficiently appears from the opinion. In its oral charge to the jury the court said: "If you believe beyond a reasonable doubt, from the evidence, that the defendant had any interest in the distillery which was operated in November and December, 1907, and aided in operating a distillery during November and December, 1907, in Randolph county, you will convict the defendant." The following charges were requested

159—7

by and refused to the defendant: (1) General affirma-
tive charge. (2) "I charge you that, unless you believe
from the evidence that the defendant was a party inter-
ested in the Roanoke Distilling Company in the year
1907, then you cannot convict the defendant." (3) "I
charge you that, unless you believe from the evidence
beyond a reasonable doubt that the defendant operated
a distillery without a license during the year 1907, then
you cannot convict the defendant."

HOOTON & OVERTON, for appellant. When the princi-
ple of reasonable doubt is applied in this case we think
the affirmative charge should have been given.—*Rhodes
v. Otis,* 33 Ala. 578. The court erred in refusing to
give charges 1, 2 and 3.—*Bush v. Glover,* 47 Ala. 167;
*Williams v. The State,* 47 Ala. 659; *Parsons v. The State,*
50 Ala. 134; *Eiland v. The State,* 52 Ala. 322; *Miller v.
The State,* 54 Ala. 155. Counsel discuss assignments of
error, relative to evidence, but without citation of au-
thority.

ALEXANDER M. GARBER, Attorney-General, and THOM-
AS W. MARTIN, Assistant Attorney-General, for the State.
The evidence as to Pitts and Price's connection with
the still was of benefit to the defendant. It was compe-
tent to show that defendant bought the lot and paid
for it as a circumstance tending to connect him with
the business, and it was unnecessary to offer the deed.—
*Griffin v. The State,* 129 Ala. 22; *Huskey v. The State,*
129 Ala. 94. The charge of the court was too favorable
to the defendant, as it was only necessary for the jury
to find that he aided in its operation to support a con-
viction.—*Kellar v. The State,* 132 Ala. 94; *Dentler v.
The State,* 112 Ala. 70; *Able v. The State,* 90 Ala. 631.

[Moore v. The State.]

MAYFIELD, J.—The defendant was indicted for distilling without a license and contrary to law. The evidence tended to show that there was a distillery near Roanoke, operated in November and December, 1907; that corn whisky was made there; that the defendant was often seen about the still, and seemed to be superintending it before Christmas. The distillery seems to have been operated under the name of the Roanoke Distilling Company. There was some evidence tending to show that defendant bought the land upon which the distillery was located, and that he carried the keys to the buildings. It was also in evidence that defendant had stated he and others were interested in the distillery. A great deal of the evidence was to the effect that one Pitts and one Trice were doing most of the work about the still and seemed to be managing it, in November and December, 1907. There was evidence to submit the question to the jury as to whether or not the defendant was interested in the operation of this distillery, and there is ample evidence to support the verdict and judgment of conviction. This being true, the general charge in favor of the defendant was properly refused.

There was no error in allowing the witnesses to testify that Pitts and Trice were operating the distillery on certain occasions. No possible harm could come to defendant from this evidence. It affirmatively appears to have been in his favor.

There was no error in allowing the witness Gladney to testtify that he had sold the land on which the distillery was located to defendant, and made him a deed thereto. The question of title and deed to this property arising wholly collaterally, as it did, it was unnecessary to produce the deed, or account for its absence, before allowing parol evidence as to the sale of the lot for this purpose.—*Garrison v. Glass,* 139 Ala. 512, 36 South. 725;

3 Mayfield's Dig. p. 460, § 480 et seq. While owning the land upon which a distillery is unlawfully operated, and owning an interest in the distillery, standing alone, might not be sufficient to support a conviction for operating it, yet, when taken in connection with the other evidence in this case, it was clearly a proper case for the jury to pass upon the weight and sufficient of the evidence.

There was clearly no error in that part of the oral charge of the court as to which exception was reserved. This part of the charge of the court was not, as insisted by appellant, instructing the jury that, if they believed from the evidence beyond a reasonable doubt that defendant had an interest in the distillery, they must convict him. The charge required them also to believe from the evidence, beyond a reasonable doubt, that defendant aided in operating the distillery during November and December, 1907, in Randolph county. The charge was entirely too favorable to the defendant; hence he certainly should not be allowed to complain.

The charges requested by the defendant were properly refused. One required the jury to find that defendant owned an interest in the distillery before they could convict. Another was misleading, in that it was calculated to impress the minds of the jury with the belief that before defendant could be convicted it must appear that he operated the distillery alone; that he aided in the operation, in conjunction with others, would not be sufficient. The others were, in effect, general affirmative charges, which were clearly improper under the evidence.

There being no error in the record, the judgment must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.