*Hawes & Pottle,* for plaintiff in error.

*J. A. Laing, solicitor-general, Reuben R. Arnold,* contra.

---

2848. HESTER *v.* THE STATE.

1. One of the essential requisites in the offense of cheating and swindling by a false representation is that the person making the representation shall know that it is false; and, while this may be proved by circumstantial evidence, it must in some wise be proved in the case.

2. A person may be cheated and swindled by a false representation as to what is contained in a writing; and in such cases it is no sufficient objection to a witness, testifying as to the representation made, that the writing itself is the highest and best evidence of what it contains.

DECIDED OCTOBER 14, 1910.

Accusation of cheating and swindling; from city court of Fitzgerald—Judge Wall. July 5, 1910.

*J. S. Ridgdill, C. C. Hall,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.

POWELL, J.  Florence Hester was convicted of cheating and swindling the Fitzgerald Undertaking Company by representing to them that her husband had a policy in the sum of $100, "said policy being in the district Grand Lodge No. 18, G. U. O. O. F.," payable to herself, and upon this representation procuring from the undertaking company a casket of the value of $45, and the embalming of her husband's dead body, of the value of $10; it being alleged that the deceased had no such insurance policy, and that the undertaking company thus lost the amount of $55.  The proof was that the defendant did procure the casket and embalming, and that she made the representation as to the policy; and that her deceased husband did have a policy of insurance in the negro lodge mentioned above, and that the policy was payable not to her, but to her minor child.

In *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304), the essentials of the offense of cheating and swindling are stated.  It may be said in general terms that the evidence in the present case made out all of these essentials except that there was a lack of proof that the representations were knowingly and designedly false and were made with an intent to deceive and defraud.  We recognize the rule that as to this element of the case the evidence may be either direct or circumstantial, and that the jury would be authorized to infer, from facts and circumstances, that the defendant had knowledge of the falsity of the representation and had an intention to deceive and defraud through the making of representations; but after reading the record we do not find the facts and circumstances in this case from which this inference could be drawn.  It is not shown that the defendant had ever seen the policy of insurance at the time she made the representations.  It is shown that her husband did have a policy of insurance in the lodge in question, and that when the prosecutor in the case and others were making out the proofs of death in order to obtain the insurance, and discovered that the policy was not payable to her, she expressed surprise and said that she did not know that the policy was payable to her child, but thought that it was payable to her.  It further appeared, under the testimony, that this policy did provide that $25 should be paid toward the funeral expenses of the deceased.

Of course, if this woman made the representation as to the insurance policy, believing that it was payable to her, she could not

lawfully be convicted of cheating and swindling, for making representations to that effect and obtaining goods thereon, though it afterward turned out that the policy was not so payable. This, under the testimony in the particular case, was the very crux of the issue, and the court should give the jury explicit instructions as to this element of the case.

2. There is an exception in the record as to the court's allowing the prosecutor to state that the defendant represented to the undertaking company that the policy was payable to her, over the objection that the policy itself was the highest and best evidence of its contents. Conceding that the policy is the highest and best evidence of its contents, non constat that it is the highest and best evidence of what the defendant represented its contents to be. Nor was there error in allowing the secretary of the lodge to state that no policy payable to the defendant as beneficiary was issued by the lodge.                              *Judgment reversed.*