### 27120. BLOCKER *v.* THE STATE.

DECIDED OCTOBER 31, 1938.

*A. M. Deal, H. A. Hodges, B. P. Jackson,* for plaintiff in error. *W. G. Neville, solicitor-general, R. Lee Moore,* contra.

MACINTYRE, J. The defendant, S. F. Blocker, was charged with the violation of the Code, § 5-9914, in that he failed to pay for certain agricultural products sold by a planter for cash. He was convicted. His motion for new trial was overruled, and he excepted.

The evidence tended to show that on November 20, 1935, the defendant bought from the prosecutor, Paul H. Johnson, 9000

pounds of paper-shell pecans at and for the price of $1200 (the trade taking place and the property being delivered in Bulloch County, Georgia, the county in which the seller resided), and gave his check therefor; and that on the same day he transported by truck and sold one half of the pecans in Savannah, Chatham County, Georgia, and the other half of the pecans he loaded on a truck the next day, November 21, and carried them out of this State to Norfolk, Virginia, all of which was done before the prosecutor had deposited the defendant's check. The defendant's check, when deposited, was turned down, and the prosecutor subsequently prosecuted the defendant under the Code, § 5-9914, which is as follows: "Any person engaged, either on his own account or for others, in the business of buying cotton, corn, rice, crude turpentine, spirits turpentine, rosin, pitch, tar, or other products sold by planters and commission merchants on cash sale, who shall buy such articles on sale from a planter or commission merchant for cash, and shall fail or refuse to pay for, and shall make way with or dispose of the same before he shall have paid therefor, shall be imprisoned in the penitentiary for not less than one year, nor more than five years." The defendant contends that the "evidence shows that if any crime was committed at all, it was committed by making away with or disposing of the pecans in Chatham County, Georgia, and in Norfolk, Virginia; and therefore that the State failed to prove venue, which must be proved beyond a reasonable doubt." The Code, § 96-110, declares in part as follows: "Cotton, corn, rice, crude turpentine, spirits turpentine, rosin, pitch, tar, or other products sold by planters and commission merchants, on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer." In the instant case the title remained in the seller until the check was cashed (*Charleston & Western Carolina Ry. Co.* v. *Pope,* 122 *Ga.* 577 (2), 50 S. E. 374; *Graham* v. *John Flannery Co.,* 32 *Ga. App.* 713 (3) 124 S. E. 729; *Anchor Duck Mills* v. *Harp,* 40 *Ga. App.* 563, 150 S. E. 572), even though possession was delivered to the defendant who was in the nature of a bailee. *Randle* v. *Stone,* 77 *Ga.* 501, 503. As a general rule, the offense is committed, not where the property is received, but where the property is converted, unless it is received with the intent to fraudulently convert it. If the defendant, who was in effect a bailee, conceived in Bul-

loch County, Georgia, the county where the sale was made and the property delivered and where the seller resided, the intent to violate the Code, § 5-9914, by making away with and disposing of the property "before he shall have paid therefor," and in the furtherance of that intention he took part of the property into another county of this State and there sold it, and then took the remaining part of the property beyond the limits of this State and there sold it, he could be prosecuted in Bulloch County, Georgia. Likewise, it seems to us sound to say that if the defendant failed to pay therefor by reason of the fact that his check was turned down, the prosecution might be allowed in the county where the possession was delivered to him; for this is the county where he should presumptively account to the planter for the agricultural products sold to him for cash. *Key* v. *State,* 112 *Ga.* 392, 399 (37 S. E. 762) ; *Mangham* v. *State,* 11 *Ga. App.* 427, 437 (75 S. E. 512) ; *Maynard* v. *State,* 47 *Ga. App.* 221, 224 (170 S. E. 265). The evidence authorized the jury to find the defendant guilty of the crime as charged, and that the venue was in Bulloch County, Georgia.

■ The defendant contends that it was error to admit the following evidence, to wit: "Mr. Felix Williams was attorney for Mr. Blocker on that occasion right there in person, and he had evidence in writing . . he was staying in Virginia and was trying to keep the Governor of Georgia from extraditing him . . the defendant was supposed to be in Virginia, and we were trying to bring him to Georgia on requisition, and he had been arrested up there. . . I was up there representing the solicitor-general, and I saw all that stuff up there," over his objection that "anything that occurred in the Governor's office, the petition for extradition would be the best evidence. I object further to the statement that Mr. Felix Williams represented the defendant at any hearing there, and produced affidavits. . . The affidavits would be the highest evidence." The witness, who was an attorney representing the State in a hearing for the requisition of the defendant, in effect testified that he appeared before the Governor on behalf of the State in a proceeding seeking to obtain a requisition for the defendant, and that the defendant was represented there by an attorney who appeared in person there and introduced written evidence (affidavit) to resist the same. The witness did not disclose the

contents of any of the written papers. In the trial of a husband for the murder of his wife, it has been held that the ruling was not erroneous where "the court allowed a witness . . on behalf of the State to testify, over the objection of the appellant, that a certain suit for divorce and alimony had been pending, wherein the deceased was plaintiff and the appellant defendant. . . The pendency of the suit, the parties to it, and its subject-matter, may be proved by parol, where the record is not the ground of the action. In this case there was no offer to prove, and no evidence admitted tending to prove, the contents of the record, or any part of it." Binns v. State, 66 Ind. 428, 430. In Moore v. State, 159 Ala. 97 (48 So. 688), it was held that "in a prosecution for distilling without a license, a witness may testify that he sold the land on which the distillery was operated to defendant and made him a deed thereto, though the deed is not produced, since the question of title and deed are wholly collateral to the issue." In Taylor v. Commonwealth, 17 Ky. L. R. 1214 (34 S. W. 227), it was held that "where defendant, in shooting at a person in front of a house, shot one inside it, it is not error to permit the person shot at to testify that the sheriff, having a writ, put him in possession of the house, instead of requiring the production of the writ; there being no evidence to raise the issue of defense of property, and the question of legal possession of the house not being important." In State v. Casey, 204 N. C. 411 (168 S. E. 512), the defendant was on trial for murder. There were threats referring to an unpaid check; and the production of the check was not required, the court stating that "when the contents of the writing come collaterally in question, such writing need not be produced, but parol evidence as to its contents may be received." "Where a matter is collateral to the real issues, and it comes in question, and proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence." 1 Wharton's Criminal Evidence, 390, § 154. "Wherever the facts in issue are not the reciprocal rights and duties of the parties under a writing, but some fact collateral to its contents, its production is not required as primary evidence of that collateral fact. The fact may be proved by parol; for, if oral evidence is as near the fact to be proved as the writing, both are primary evidence." Underhill's Criminal Evidence, (3d ed.), 96, § 97.

The reference by the witness to the requisition proceedings, even if we construe the same as including the pleadings and the written evidence (affidavit), was merely an inducement to the main part of his testimony that the defendant had refused to return to this State and stand trial even after the State had applied for the defendant's requisition, which refusal was shown by the defendant's resistance of these proceedings. The defendant's refusal in these circumstances, under the decisions of our Supreme Court and Court of Appeals, could be considered by the jury as tending to show flight. The witness was undertaking to testify to facts which would show that the defendant refused to return to Georgia and stand trial. The witness could properly speak of written papers (not disclosing their contents) which appeared in the Governor's office in the proceedings for a requisition, without producing the original or a certified copy. The references to the written papers by the witness are to be regarded as but mere inducements to the material part of the evidence, for the purpose of making intelligible the material part of the evidence, and for the purpose of giving coherence thereto. The question presented in the instant case is not one of primary or secondary evidence, but is simply a question of the proof of a collateral fact. The witness's information on this collateral subject was material, its source immaterial. *Kearney* v. *State,* 101 *Ga.* 803, 808 (29 S. E. 127); *Hester* v. *State,* 8 *Ga. App.* 380 (69 S. E. 31). The court did not err in allowing the witness to speak of the requisition proceedings, without production of the records. Allen *v.* State, 79 Ala. 34, 39.

■ The defendant contended that it was error to admit the italicized part of the following evidence of the solicitor-general, to wit: *"These proceedings were pending in the State of Virginia. I had planned to go to Norfolk and the capitol of Virginia for the hearing in this case, to get extradition from the Governor of Virginia and to bring this man back here for trial.* [Italics ours.] While that hearing was pending and the date was pending for it, counsel for Mr. Blocker came here to my office and had an agreement to let him come down here and produce bond, and that we were not to try the case at that term of the court just preceding this term. That was after we had to go to Atlanta and after we had the petition to the Governor here, and it had to go all the way round to get him to come back. He did not come back until the

agreement was reached that he could give bond and the kind of a bond was fixed and the case passed for that term of court. He did not come back of his own accord, not until requisition was made. As to whether anybody ever brought him here, I never did see him that I recall; his counsel'fixed up the bond, or we fixed up a bond, and the bond was satisfactory according to the agreement that it would not be called at that term." This was received over the defendant's objection "that counsel knows that he can not tell what happened in the State of Virginia. Whatever proceedings were pending, the papers or the warrant would be the highest and best evidence." The same rules of law which govern the ruling in the second division of this opinion are applicable here; and an additional reason for allowing the oral testimony is that the papers referred to in the objection were beyond the jurisdiction of the trial court, and could not be forced into court. There is no merit in this objection.

■ The defendant contends that a new trial should be granted because, "during the progress of the trial of the case, the solicitor-general, Hon. Gesman Neville, made statements to the court in the presence and hearing of the jury, as follows: 'If the court please, I want to tender the letter from the chief of the detective department of .Norfolk, Virginia, dated the 20th day of January, 1937, with reference to S. F. Blocker being arrested. . . And here is a letter dated February 1, 1937, signed by the assistant chief of police of Norfolk, Virginia.' At the time these statements were made by the prosecuting attorney, movant, through his counsel, Mr. A. M. Deal, made to the court a motion as follows: 'Mr. Neville, the solicitor, knows that is not admissible in evidence, and is prejudicial to the.defendant in this case; and I ask your honor now to stop this case because of that high-handed procedure by the solicitor, as everybody knows he could not have such a letter admitted in evidence.' The court failed and refused to grant a mistrial, and allowed the case to proceed." As we construe this ground, the letter was not introduced in evidence, nor was the solicitor-general testifying as to its contents, but when he tendered it in evidence he made the statement objected to and contained in this ground, and we presume, from the record, that he withdrew the letter or the court refused to allow it in evidence; for it does not appear in the brief of evidence, nor does the record refer to the

letter except as above indicated. We do not feel that we should say that the judge abused his discretion in failing to declare a mistrial on the ground of improper remarks by the solicitor-general. *Herring* v. *State*, 10 *Ga. App.* 88 (2) (72 S. E. 600).

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*