190

## 27455. STREETER *v.* THE STATE.

DECIDED JUNE 2, 1939.

*R. W. Martin,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

MACINTYRE, J. Dan Streeter was convicted of simple larceny. To the overruling of his motion for new trial he excepted. The indictment charged the defendant with the larceny of "one (1) Atlas Tire 600 x 20; one (1) K. S. Tire 20 x 600; two (2) U. S. Royal Tires 20 x 600; five (5) Inner tubes in listed casings and three (3) R. W. Inner tubes of the personal goods of Troup County, Ga., that the property aforesaid was in the general possession of the Board of

Commissioners of Troup County, Ga., and was under the immediate control or possession of L. L. Bowles, as Warden of Troup County Public Works Camp, of the value of $125, with the intent to steal the same, contrary to law." The defendant demurred to the indictment on the ground that the property alleged to have been stolen was not sufficiently described.

◼ While it would not have been a sufficient description of the property for the accusation merely to charge the defendant with having stolen an automobile tire, yet where, in the instant case (to illustrate by the description of the first article alleged to have been stolen), the general description in the accusation was aided by alleging a particular brand or make, and by further alleging certain marks and figures on the tire, "600 x 20," and was still further aided by the more definite allegation that the property stolen was taken from the custody of a named employee of the county, we think the accusation was sufficient to withstand the demurrer. *Adams* v. *State*, 21 *Ga. App.* 152 (94 S. E. 69) ; *Ayers* v. *State*, 3 *Ga. App.* 305 (59 S. E. 924) ; *Bright* v. *State*, 10 *Ga. App.* 17, 18 (72 S. E. 519). This case is distinguishable from *Peek* v. *State*, 55 *Ga. App.* 161 (189 S. E. 372), *Walthour* v. *State*, 114 *Ga.* 75 (39 S. E. 872), *Melvin* v. *State*, 120 *Ga.* 490 (48 S. E. 198), and *Brown* v. *State*, 116 *Ga.* 559 (42 S. E. 795) ; for in those cases no marks on or quality or kind of the property stolen were incorporated in the description, nor was the transaction in any way individualized as was done in the instant case.

◼ Special ground 1 recites that the following evidence was admitted over the objection that said testimony was hearsay and a conclusion of the witness : "Q. Were those the same tires that had been missed? A. Yes. Q. How do you know? A. They told me the number of the casings. Mr. Martin : I object to that. The court : Sustain the objection. Q. Did those five tires correspond with the tires you missed from the camp? A. Yes. Q. Were they the same tires? Mr. Martin : I object to that as being hearsay and a conclusion of the witness. The court : He testified that he saw the tires there. Mr. Martin : He said somebody else identified them. The court : I overrule the objection." The exception is not meritorious, for the effect of the court's ruling was to exclude the objectionable part of the testimony. If the witness had seen the stolen tires at the chain-gang camp before the theft, he could tes-

tify that those tires which were recovered from the defendant were the same as those which he had seen at the camp before the theft. This question and answer were not objectionable.

■ Special ground 2 recites that the following evidence was admitted over the objection that the same was hearsay: "Q. Which tire was it [that was] bought since Hobbs left there? A. It was the Atlas tire. Q. What was the number of it? A. I ain't got the number. Q. How do you know? A. That is what the yard boss told me. Mr. Martin: I move to rule that out as being hearsay. The court: You mean the yard boss told you it was an Atlas tire? A. Yes, sir. The court: I sustain the objection, unless the witness knows of his own knowledge." The effect of the court's ruling was that the witness could not testify as to which tire was bought since Hobbs left the convict camp, unless the witness knew of the fact of his own knowledge, and that he could not testify to what the yard boss told him. The ground is not meritorious.

■ Special ground 3 recites that the following evidence was admitted over the objection that there was higher and better evidence: "Q. You know of your own knowledge [which tire was bought since Hobbs was released and left the convict camp]? A. Yes. Q. How do you know? A. I saw the bill for it. Q. Where is the bill? A. Out at the camp. Mr. Martin: I move to rule that out. There is higher and better evidence. The court: If the witness knows of his own knowledge [which tire he bought since Hobbs left there], I will let it stay in." The effect of the ruling of the court was in effect that the witness could testify only as to which tire he had bought for the county since Hobbs left the convict camp, if he knew the fact of his own knowledge; otherwise not. This ground is without merit.

■ Ground 4 questions the admissibility of certain testimony of a witness on the objection that there was higher and better evidence, to wit, a writing. A witness could testify, without the production of the writing, that numbers on the stolen automobile tires found in the possession of the defendant corresponded with the numbers on the automobile tires listed in a bill of sale and in a book kept by the county where various items of its property were listed; this being a mere collateral fact. The question is not one of primary and secondary evidence, but is simply one of proof of a collateral fact. The witness's information on this collateral subject relating to the iden-

tification of the stolen tires was material; its source immaterial. The contents of the writing relative to the numbers on the automobile tires do not put in issue the reciprocal rights and duties of the parties under the writing, but put in issue only the collateral fact of the identification of the tires stolen, and the writing is not required to be introduced as primary evidence of that collateral fact. *Blocker* v. *State,* 58 *Ga. App.* 560 (199 S. E. 444) ; *Wise* v. *State,* 52 *Ga. App.* 98 (182 S. E. 535).

■ Ground 5 objects to certain testimony of a witness on cross-examination and recites: "How do you know you bought this Atlas tire—when did you say you bought it? A. 22nd day of November, 1937.. Q. You have a record of that? [A record of what? The bill of sale of the tires including the date of the purchase or merely a record of the date of the purchase?] A. Yes. I went to George Forrester to see just exactly what day it was bought. Q. He told you the day it was bought? A. Yes. Movant objected to the evidence as soon as and at the time it was offered, and then and there urged before the court the following grounds of objection: 'I move to rule that out as being hearsay.'" The question first above referred to was asked the witness on cross-examination and is a "double-barrel" one, and such questions sometimes confuse a witness whether intentionally put in such form or not. Where such a question as here is unintentionally put in such a form, and the witness answers one of the "barrels," or one of the subdivisions of the question, and the motion to rule out is directed to the question as a whole, or if it is doubtful as to what part of the question the answer is intended as a reply, and the subdivision of the question and the answer are so mingled that it is not distinguishable as to which subdivision of the question the answer refers, the motion should be overruled. Moreover, a reference to the brief of evidence in this case discloses that this witness testified to having bought the tires himself after the convict, Hobbs, had been freed from the chain-gang. The defendant contended that he bought all of the tires from Hobbs, including the one in question, before he was discharged from the chain-gang. Thus the *exact* date of the purchase was not material; and if error was committed, it was harmless. The material question was whether or not the tire was bought *before* the discharge of Hobbs from the chain-gang.

■ The charge as given to the jury plainly and in substance cov-

ered the principles of law embraced in the request to charge; and we think the principles of law embraced in the request to charge were stated in as full, clear, and fair a manner in the charge as given as they were stated in the request. This ground is not meritorious. *Summer* v. *State*, 55 *Ga. App.* 185 (189 S. E. 687); *Central Railroad* v. *Harris*, 76 *Ga.* 501, 511; *Kimbrell* v. *State*, 57 *Ga. App.* 296 (195 S. E. 459).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*