## 30305. HYDE v. THE STATE.

DECIDED JANUARY 25, 1944. REHEARING DENIED MARCH 24, 1944.

*James R. Venable, Frank A. Bowers, Virgil Hawkins,* for plaintiff in error.
*John A. Boykin, solicitor-general, Quincy O. Arnold, Durwood T. Pye,* contra.

MACINTYRE, J. The defendant, Leonard Hyde, was charged in two counts with an assault with intent to murder. One count charged an assault with intent to murder his wife; the other, an assault with intent to murder one Hall Rooke. He was found guilty. His motion for new trial was overruled, and he excepted.

1. In special ground 1 the defendant contended "that the court erred in failing and refusing to allow [his] counsel to cross-examine Mrs. Leonard Hyde, one of the alleged victims and one of the alleged prosecutors, who was alleged to have been shot by her husband, Hyde, the movant, and particularly the following question, answer, and objection: 'Q. Mrs. Hyde, prior to this time, prior to this shooting, and while Mr. Hyde was away, I mean within the four years prior to that time before the shooting, did you purchase an automobile and give it to a lover, and this man [the

defendant] knew about it? A. That was not so, though.' Mr. Arnold: 'Your honor, we fail to see the relevancy whether she purchased an automobile during the four years Mr. Hyde was away.' The court: 'I sustain the objection; it does not appear relevant to the issue in the case.'" The movant contended "that the alleged witness was on cross-examination and that the question propounded to her might have gone to the witness's credibility, and further, it might have shown some motive and justification of the alleged assault committed upon her, if there was one committed upon her by her husband, and too, it might have shown justification to a certain extent, and therefore movant contends that the court erred in disallowing said question to be answered, and the rights of cross-examination of defendant were abridged, and therefore he should be granted a new trial on this his ground." In the case of *Smiley* v. *State,* 156 *Ga.* 60 (3) (118 S. E. 713), it was said: "The court did not err in refusing to permit a female witness for the State to answer the question propounded to her by counsel for the defendant upon her cross-examination, seeking to elicit the fact that she was the mother of two bastard children; the rule in this State being that a woman who is sworn as a witness may be impeached by proof that she is a common prostitute or by general repute that she is a woman of ill fame, but not by specific acts of lewdness. *Camp* v. *State,* 3 *Ga.* 417; *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370); *Wheeler* v. *State,* 148 *Ga.* 508 (97 S. E. 408); *Johnson* v. *State,* 61 *Ga.* 305. The right of a defendant to make a thorough and sifting cross-examination of a witness called against him (*Mitchell* v. *State,* 71 *Ga.* 128 (6)) does not authorize his counsel, on cross-examination, to elicit irrelevant facts." In the case of *Corley* v. *State,* 64 *Ga. App.* 841, 843 (4) (14 S. E. 2d, 121), it was said: "'The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him' (Code, § 38-1705), and a substantial denial of this right is cause for the grant of a new trial. The scope of the cross-examination of a witness is not unlimited, but rests largely within the discretion of the judge. *Clifton* v. *State,* 187 *Ga.* 502 (2 S. E. 2d, 102)." The question seeking to elicit irrelevant facts on cross-examination not being admissible over proper objections, the court, in the instant case, did not commit reversible error by confining the cross-examination to matters in some way germane to the issues being submitted.

2. Special ground 2. Mrs. Hyde, in response to questions by the defendant's counsel, testified on cross-examination, as follows: "Regarding whether my husband has been able to visit me during the past four years—he got life in prison for killing my stepfather. He was in prison. It was understood between us that we were through with each other, that we would not have anything to do with each other. . . Q. 'Did you at any time during the time he was incarcerated send him any of the comforts ordinarily sent to a prisoner?'" The State objected to this question as being too general—"that it is irrelevant and immaterial whether she sent Mr. Hyde anything or not." The court sustained the objection on the ground that it was "too general." Counsel for the defendant then asked the following question: "Did Mrs. Hyde, during the time Mr. Hyde was in the penitentiary—did you ever send to him, or carry to him, or get to him, by your agency, any food of any kind?" The State contended that this question was irrelevant and immaterial. To this objection the court stated: "I think it is irrelevant. The testimony was, 'he was serving a life sentence for killing her stepfather.' I don't know any law, legal, moral, or otherwise, that would place upon her any burden, obligation, or duty." The defendant complains "that the court did express an opinion as to what had or had not been proved in the case, by the following language used in the presence of the jury: "The testimony was, 'he was serving a life sentence for killing her stepfather.'" The fact to which the court referred was undisputed. This witness, in response to a question asked by the defendant's counsel, had sworn to this fact, and it was in the record unobjected to. The defendant in his statement had said that this was a fact, and nowhere in the record was it disputed. Moreover, the judge was simply stating his reason for not admitting the testimony, and he was not judicially approving any of the testimony, or going out of the legitimate sphere of discussion. We do not think that this ground discloses reversible error. *Forbes* v. *State,* 51 *Ga. App.* 465, (4) 469 (180 S. E. 914), and cit.

3. Special ground 3. The defendant's counsel having asked questions that the court seemed to think suggested that the defendant was seeking to justify himself for his assault with intent to kill his wife and one Rooke, because of friendliness between his wife and Rooke in the absence of the defendant, the court, in connec-

tion with such questions, stated to counsel his views of certain principles of law applicable to the case, that is, in effect, that a husband would have no right to shoot another in revenge for a past act of adultery with his wife, and that the court would restrict the evidence to material matters. After this statement by the court given, as information, counsel did not pursue the matter by asking further questions, but let the situation stand where it was. Moreover, relative to the questions referred to in this special ground, it seems to us that the witness answered all of those propounded which were insisted upon, and that the court did not exclude any of the answers given. This ground is not meritorious.

4. Special ground 4. Mrs. Beddingfield, a witness for the defendant, testified to the good reputation of the defendant. She also testified that "from the reputation of the defendant's wife [a witness for the State], she would not say she was a good character." There was a considerable colloquy between the court and counsel for both the defendant and the State as to certain questions asked of this character witness, and in an effort to explain the difference between reputation and actual character, the court referred to Dr. Jekyll and Mr. Hyde, as portrayed in R. L. Stevenson's novel, to illustrate the difference between actual character and reputation. This reference by the court to Dr. Jekyll and Mr. Hyde is assigned as cause for new trial, on the ground that it intimated to the jury that the character of the defendant was bad, and not good. We think the jury understood, as men of common understanding, that the judge was addressing these explanatory remarks to counsel and not to them. *Chapman* v. *State, 23 Ga. App.* 359, 361 (98 S. E. 243). We do not think that this ground shows reversible error.

5. Special grounds 5 and 7. The defendant contends "that the court erred in failing to exclude, upon objection, certain testimony of an attorney, who had at one time represented the plaintiff in error in a former trial for murder in Hall County, Georgia." The testimony was clearly of a confidential nature between attorney and client, and therefore was incompetent and inadmissible under the Code, § 38-419, "as being confidential communications between attorney and client." In his unsworn statement to the jury, the defendant stated he was serving a life sentence for the killing of his wife's stepfather by reason of the fraud of the attor-

ney, who, the defendant claimed, while representing him as his attorney, pleaded guilty for him to the charge, over the defendant's protest. The defendant stated that this attorney "ran it over me; I told him I was not guilty," and that in open court, when the defendant attempted to protest his innocence, the attorney "jerked me down." The attorney was introduced in rebuttal, and testified to the circumstances under which the plea of guilty was entered and a life sentence imposed for the defendant's murder of his wife's stepfather. The defendant complained of the admission of this evidence. Where an attorney's fidelity as to a transaction has been attacked, with the imputation that he has been unfaithful to the interests of his client, it would be a harsh rule to permit testimony by the client in a cause, spread upon the public records, of this character, and not to permit the attorney to explain. The rule is settled by all the authorities that in litigation between the client and his attorney, the attorney, of course, has the right to make a full disclosure bearing upon the litigation, for the purpose of defending his property rights; a defense of character, where publicly attacked is just as important, and to some more so, than property rights; it would violate a principle of natural justice and inherent equity to say that the right of the attorney's defense is merged in a privileged communication when the client himself makes a public accusation (the relationship between client and attorney, having been private as to that particular matter, has become public by the act of the client) the spirit of the rule ceases when the client charges the fraud; the client's right, of course, to be safeguarded by the court as to the admission of this character of testimony. Smith v. Guerre (Tex. Civ. App.), 159 S. W. 417, 419. By making the attack in his unsworn statement upon the character and professional conduct of the attorney, the defendant waived his right to have their transactions considered as privileged (Code, § 38-419), and the attorney was competent to give testimony to show that he did not act basely in the transaction, as his one-time client claimed. And it was not error to permit the attorney to testify to facts so far as necessary to defend his character, notwithstanding the rule against the disclosure of confidential communications between attorney and client. Smith v. Guerre, supra; Johnson v. Ebensen, 38 S. D. 116 (160 N. W. 847).

Whether the attorney's acts were fraudulent, or he was lacking in fidelity to his client in advising him to plead guilty and take a life sentence in a former trial, where the defendant was charged with the murder of his stepfather-in-law, was in no way connected with the instant case. The fact that the defendant was serving this life sentence when he escaped and shot his wife and her companion before he was recaptured, does not connect the issue between himself and his attorney in the former trial with any issue which could demonstrate the defendant's guilt or innocence in the present trial for the crime of assault with intent to murder. "Where a matter is collateral to the real issues, and it comes in question, and proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence." 1 Wharton's Criminal Evidence, 390, § 154. The pendency of the former criminal case for murder, the plea of guilty, and the fact that the defendant received a life sentence, may be shown by parol evidence and need not be established by documentary evidence such as a copy of the minutes of the superior court of another judicial circuit. Such facts were wholly collateral to the issue in the instant case, where the defendant was charged with an assault with intent to murder, some several years thereafter. Therefore, it was not reversible error to allow proof by parol testimony of such collateral matters. *Blocker* v. *State,* 58 *Ga. App.* 560, 563 (199 S. E. 444); *Wise* v. *State,* 52 *Ga. App.* 98 (182 S. E. 535). *Streeter* v. *State,* 60 *Ga. App.* 190, 193 (3 S. E. 2d, 235).

6. Special ground 6. The defendant contends · that the court expressed an opinion as to what the evidence was, and particularly as to what the defendant said in his statement, by using the following language: "The court: 'This defendant, in his statement, stated that [the attorney] without a scheme [rhyme] or reason whatsoever, announced he was guilty, over his protest, and without any cause whatsoever." (Brackets ours.) The court was here stating to counsel for the defendant his reason for overruling an objection to the testimony of the attorney, which went to defend his character against the charge of infidelity made by the defendant, for the defendant in his statement to the jury, having attacked the professional integrity of his attorney in the former murder case, objected to the testimony as to facts going only so far as was necessary to defend the attorney's character thus attacked. The

language used by the judge in giving his reason for overruling the defendant's objection did not express or intimate an opinion upon the weight of the evidence, as to what had or had not been proved, or as to the guilt of the accused.

7. The assignments of error in special grounds 8, 9, 10, and 11, although not here specifically dealt with, show no reason for the grant of a new trial.

8. The general grounds were not argued or mentioned, and are treated as abandoned.

9. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*