31848. WRIGHT *v.* STATE.

Decided February 16, 1948.

A. M. Kelly, for plaintiff in error.

D. M. Pollock, Solicitor General, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first headnote requires no elaboration. The evidence amply authorized the verdict, and the general grounds of the motion for new trial are without merit.

■ Although the right to a thorough and sifting cross-examination is guaranteed every party as to the witnesses called against him, yet, as was said in *Hyde* v. *State,* 70 *Ga. App.* 824 (29 S. E. 2d, 820), "The right of a defendant to a thorough and sifting cross-examination of a witness called against him does not authorize his counsel on cross-examination to elicit irrelevant facts." The trial court in denying to counsel for the defendant the right to further cross-examine the witness, Charlie Elder, regarding the half gallon of whisky he had in his possession near the home of the defendant on some occasion previous to the one now under investigation, held that cross-examination to be about irrelevant facts. We can not see where this line of cross-examination could have resulted in material benefit to the defendant. The trial

488

judge has discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled unless it is abused. See *Rogers* v. *State*, 18 *Ga. App.* 332, and *Fields* v. *State*, 46 *Ga. App.* 287 (3) (supra). We can not agree with counsel for the defendant that the trial judge abused this discretion in the instant case.

■ The accusation charging the defendant with having and possessing whisky, the plea of guilty and the sentence of the court, complained of in ground 2 of the amended motion for new trial is unaccompanied by any evidence in the record showing how or under what circumstance the defendant previously possessed whisky. The decision herein is controlled by the decision of this court in *Palmer* v. *State*, 75 *Ga. App.* 789 (44 S. E. 2d, 567), and reference is made to that case for the reasons upon which the reversal of this case is predicated. Proof of other crimes, independent of the offense for which a defendant is on trial, is generally not admissible. See *Chambers* v. *State*, supra; *Lee* v. *State*, 8 *Ga. App.* 413 (1); *Nesbit* v. *State*, 125 *Ga.* 51 (supra). The exceptions to this general rule are where proof of other crimes is admitted for the purpose of showing knowledge, or where the crime is committed by the employment of some particular scheme, or device, or artifice, and the similarity of it with the crime for which the defendant is on trial tends to show identity. See *Cawthon* v. *State*, 119 *Ga.* 395 (46 S. E. 897); *Farmer* v. *State*, 100 *Ga.* 41 (28 S. E. 26).

The judgment of the trial court overruling the defendant's motion for new trial as amended is error as to special ground 2 thereof.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*