## 21995. PEPPERS v. BALKCOM, Warden.

ARGUED MARCH 12, 1963—DECIDED MARCH 25, 1963.

*Alton T. Milam, Ben S. Atkins, Dorothy Atkins, Sam Johnson,* for plaintiff in error.

*Eugene Cook, Attorney General, Howard P. Wallace, Assistant Attorney General, B. Daniel Dubberly, Deputy Assistant Attorney General,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the order of the trial court in refusing to discharge the plaintiff in error after a hearing on his petition for a writ of habeas corpus.

H. E. Peppers was tried and convicted of murder in Fulton Superior Court on January 19, 1961. This court affirmed the order of the trial court denying his motion for a new trial on June 8, 1961. *Peppers v. State,* 217 Ga. 3 (120 SE2d 611). On March 26, 1962, Peppers filed in the City Court of Reidsville a petition for the writ of habeas corpus wherein he alleged that the respondent R. P. Balkcom, Jr., Warden of the Georgia State Prison, was illegally detaining him in that his conviction and sentence were void for enumerated reasons. After a hearing, he was returned to the custody of the respondent.

■ Habeas corpus is never a substitute for a writ of error or other procedure to correct errors in the trial of a criminal case. "This writ is the appropriate remedy only when the court was

without jurisdiction in the premises, or where it exceeded its jurisdiction in making the order, rendering the judgment, or passing the sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void." *Wells v. Pridgen*, 154 Ga. 397, 399 (114 SE 355).

Plaintiff in error asserts that his conviction and sentence were void because: (a) he was not afforded assistance and benefit of counsel as guaranteed by the sixth amendment of the Constitution of the United States and Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) of the Constitution of Georgia, in that the court-appointed counsel who represented him on his trial was incompetent and failed to properly and adequately represent him; (b) his sentence was based upon a verdict returned on an indictment that was not returned in open court; (c) he was never legally sentenced because at the time the trial judge passed sentence upon him he was not advised of the consequences of his escape as required by the act of 1955 (Ga. L. 1955, p. 474; *Code Ann.* § 26-4514); (d) the city court at the hearing of his habeas corpus petition erred in admitting the testimony of one William T. Brooks, who represented plaintiff in error on his trial, as to matters touching the attorney-client relationship.

(a) *Claim by plaintiff in error that he did not receive adequate representation.* The evidence does not support the claim of Peppers that his counsel, Brooks, was either incompetent or negligent in the trial of his case so that it can be said to amount to virtually no representation. On the contrary, the evidence shows that his counsel was admitted to the bar in 1948 and in the last 6 or 8 years had represented defendants in 172 capital felony cases. The trial judge testified that counsel faithfully, efficiently and capably represented Peppers on his trial. There is no merit to this ground. See *Jones v. Balkcom*, 210 Ga. 262 (79 SE2d 1).

(b) *Contention that the bill of indictment was not returned by the grand jury in open court.* There was no evidence offered that the indictment was not returned in open court other than the claim that the indictment did not show on its face that it was so returned. Even if it be assumed that the indictment was

not returned in open court it can not now be maintained as error in that the plaintiff in error went to trial without questioning the validity of the indictment by motion or plea in abatement. All exceptions to form or matters relating to procedure in returning an indictment under the provisions of *Code* § 27-1501 that may arise by special demurrer or by plea in abatement or plea in bar must be made in writing preliminary to trial and if not made at the proper time are considered as waived. *Hill v. State,* 41 Ga. 484; *Thomas v. State,* 71 Ga. 44; *Bradford v. Mills,* 208 Ga. 198 (66 SE2d 58).

(c) *The act of 1955 (Ga. L. 1955, p. 474), Code Ann. § 26-4514, provides:* "Every prisoner shall be informed by the judge imposing the sentence the consequences of an escape or an attempt to escape under existing law and that an escape or an attempt to escape shall constitute a felony." There was evidence that the judge in sentencing the plaintiff in error did not inform him of the consequences of an escape. Such failure on the part of the trial judge would not render the sentence void. *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656).

(d) *The contention that the habeas corpus court committed error in permitting William Brooks, the attorney who represented Peppers on his trial for murder, to testify, over the objection of Peppers, as to matters growing out of the relationship of attorney and client.* In his petition for habeas corpus, Peppers charged Brooks with professional misconduct and negligence in handling his defense. In such a situation counsel had the right to testify to defend himself, and Peppers waived his right to have the transactions with counsel considered as privileged. See *Daughtry v. Cobb,* 189 Ga. 113, 118 (5 SE2d 352); *Hyde v. State,* 70 Ga. App. 823 (29 SE2d 820); Green, Georgia Law of Evidence, 432, § 192.

It was not error to admit the testimony of attorney Brooks.

It was not error to remand Peppers to the custody of respondent.

*Judgment affirmed. All the Justices concur.*