## 67567. RICHARDS v. THE STATE.

BIRDSONG, Judge.

Probation Revocation. Ricky Eugene Richards was convicted of driving without insurance, speeding, driving under the influence and habitual violator in May, 1979. He was sentenced concurrently to a period of five years probation. In June, 1983, a probation revocation hearing was conducted at which time the probation for the 1979 sentence was vacated and Richards was ordered to serve the unexecuted portion of the original sentence. Richards brings this appeal raising as the sole enumeration of error the fact that the trial court imposed the unexecuted portion of a sentence which was improperly entered. *Held:*

The documents presented to the trial court indicated that Richards stood trial before the superior court in May, 1979. At that trial, Richards petitioned the court to enter a plea of guilty. The transcript of that hearing shows that Richards was present with counsel. Richards stated to the trial court that he was aware of his constitutional rights to have a jury trial and that those rights had been explained to him fully by his counsel. At the trial after having his rights explained, appellant Richards through his counsel entered a plea of guilty to all charges. That plea obviously was accepted for the trial court proceeded to announce sentence orally. The application to enter the plea of guilty is signed by Richards, certified by his counsel and by order of the trial court, the plea of guilty was accepted and entered on the minutes and the transcript was filed with the indictment. This order was signed by the trial court. The sentence of probation on that same date was signed by the trial court and appearing thereon is the signed statement of the appellant Richards that he had received the sentence of probation and that he acknowledged the conditions thereof. Additionally, the probation supervisor signed a certificate of service and later testified at the 1983 revocation trial that he had served Richards with the sentence and personally explained the sentence and its requirements to Richards. It likewise was uncontested that Richards attended the required DUI school, paid a $1,350 fine, submitted to counseling and generally obeyed the sentence imposed. However, the obverse side of the indictment containing the counts to which Richards entered orally his plea of guilty, contained spaces for Richards, his counsel and the district attorney to sign indicating disposition by plea of guilty. None of the signature blocks was executed and it generally is conceded that the appellant never signed the indictment indicating his entry of a guilty plea.

Appellant now urges that the court erred by using for the foundation of a probation revocation, a plea of guilty to a prior crime entered irregularly and not thereafter first correcting the plea and ensuing sentence by recalling the defendant and sentencing him according to law.

This argument is noteworthy more for its novelty than for its merit. There is no contention that a plea of guilty was not entered in 1979 and a five-year probated sentence orally announced and confirmed in writing by order of the court imposing that sentence. Likewise, there is no contention that the sentence imposed was in any way illegal or not within proper limits. Lastly, the record fully supports the vacating court's conclusion that Richards was fully aware of that sentence, that Richards entered a plea of guilty as the predicate for that sentence and that Richards completed all portions of the sentence imposed that were subject to execution.

While we fully agree that Richards could demand that an irregular sentence be corrected, common sense dictates that he would have to make that demand before undertaking to fulfill the requirements of that sentence. We are aware of no case law that dictates that a plea of guilty otherwise legally correct, also requires a signature on the indictment to seal its validity. True, it is, as the cases cited by Richards hold, if the court entered an illegal sentence, the court retains power at any time to correct the illegal sentence without having to grant a new trial as to the underlying and legally correct conviction. However, the sentence in this case is not illegal. In the absence of an objection to the failure to sign the indictment before undertaking the fulfillment of the sentence, we conclude that Richards either is estopped to contest the validity of the conviction and sentence or has waived any irregularity by his acceptance and undertaking to complete the sentence. See *Peppers v. Balkcom,* 218 Ga. 749, 750 (2) (b) (130 SE2d 709).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 16, 1984.

*H. Clifton Conrad, Jr., William R. Wilburn,* for appellant.
*Rafe Banks III, District Attorney, Wallace Rogers, Assistant District Attorney,* for appellee.