**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: May 13, 2025

S25A0172, S25X0173. JOSEPH, WARDEN v. INGRAM; and vice versa.

ELLINGTON, Justice.

In Case No. S25A0172, Warden Evan Joseph appeals from an order of the Superior Court of Richmond County which granted in part Antonio Ingram's petition for a writ of habeas corpus and rejected the Warden's argument that the petition should be dismissed as premature. The Warden argues that the habeas court erred in remanding Ingram's case to the Superior Court of Fulton County so that Ingram could pursue an out-of-time direct appeal when the record before the habeas court does not demonstrate that Ingram's conviction is final. In Case No. S25X0173, Ingram cross-appeals, arguing that the habeas court erred in denying him the remedy of setting aside his guilty plea and judgment of conviction. For the reasons that follow, we vacate the habeas court's order and

remand with direction that the habeas court give the parties an opportunity to supplement the record and to demonstrate whether Ingram's judgment of conviction is final for purposes of habeas review.

"When reviewing a habeas court's decision to grant relief, we accept the habeas court's factual findings unless they are clearly erroneous, but we independently apply the legal principles to the facts. A habeas court's factual findings cannot be found to be clearly erroneous if there is evidence in the record to support such findings." *Smith v. Magnuson*, 297 Ga. 210, 212 (1) (773 SE2d 205) (2015) (citation omitted). So viewed, the record shows the following pertinent facts.

Antonio Ingram pleaded guilty to five felony counts, including armed robbery, aggravated assault, and aggravated battery, on September 30, 2016. After the guilty plea hearing, at which Ingram apologized to the man he shot and robbed, the court found that Ingram's plea was freely and voluntarily entered, and thereafter entered a judgment of conviction on March 3, 2017, nunc pro tunc to

September 30, 2016. The court imposed concurrent sentences of 20 years in prison, to serve 15 for each of the armed robbery, aggravated battery, and aggravated assault convictions, and the balance suspended. It suspended the sentence on the gun charge and gave Ingram credit for time served.

Thereafter, Ingram retained attorney David Jones to file a motion to withdraw his guilty plea, and Jones timely filed such a motion less than a month later, on October 27, 2016. Although there is no evidence in the record that the trial court ruled on the motion, Jones testified that the motion was "dismissed" by the judge without a hearing on March 3, 2017.[1] Our review of the record has revealed

---

[1] Under Georgia law, "[a] motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea. A trial court lacks jurisdiction to allow the withdrawal of the plea if such a motion is untimely." *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017) (citations, punctuation, and footnote omitted). Based on the record before us, the motion was timely filed within the term of court in which the plea was entered. Fulton County has six terms of court. See OCGA 15-6-3 (5) (B) (Fulton County — First Monday in January, March, May, July, September, and November). As Ingram was sentenced on September 30, 2016, during the September term of Court, he had at least until the first Monday in November 2016 to file a motion to withdraw his guilty plea. Thus, the record does not support an inference that Ingram's motion to withdraw his guilty plea should have been dismissed by the trial court on the ground that it was untimely filed.

no indication that a hearing was held on the motion or that a "dismissal" order was entered.

Jones further testified that, when he was retained, Ingram had not signed the indictment following the entry of his guilty plea. Through a post-plea "Order to Enter Sentence," the Fulton County Superior Court ordered that the judgment of conviction and sentence be "formally entered and accepted" on March 3, 2017, even though Ingram had not signed the indictment. Jones interpreted the order entering the sentence as an order denying the motion to withdraw Ingram's guilty plea, although the order did not expressly address the motion.[2]  Jones testified that, within a couple of days of

_____

[2] The "ORDER TO ENTER SENTENCE" stated, in full:
WHEREFORE, as Defendant Antonio Ingram tendered a guilty plea on September 30, 2016, which the Court accepted as knowing and voluntary, after defendant was advised of and indicated his understanding of his constitutional rights, the Court hereby orders that the judgment of conviction and sentence be formally entered and accepted, even though the indictment was not signed by the Defendant, Defendant's counsel, or the prosecuting attorney. The Court is "aware of no case law that dictates that a plea of guilty otherwise legally correct, also requires a signature on the indictment to seal its validity." *Richards v. State*, 169 Ga. App. 870, 871 [(315 SE2d 304)(1984). The transcript of the hearing clearly indicates that the guilty plea was accepted

4

receiving the order, he informed Ingram's family that the motion to withdraw his guilty plea had been denied and that Ingram would have 30 days to appeal the decision, even though no hearing had been held on the motion. Jones also informed Ingram in a phone call that the motion to withdraw his guilty plea had been denied. Jones testified that he believed the "Order to Enter Sentence" denied the pending motion to withdraw Ingram's guilty plea because he had raised the issue of the unsigned indictment in the motion to withdraw the guilty plea. However, the text of the two-sentence motion to withdraw was read into the record, and it did not raise any legal issues concerning the indictment nor did it reference an unsigned indictment. On November 18, 2019, Ingram filed a petition for a writ of habeas corpus challenging the validity of his guilty plea on numerous grounds, including coercion and ineffective assistance of plea counsel.

---

by this Court, and that the sentence was then orally pronounced. The Court is not aware of any evidence at this point that the sentence imposed was illegal in any way, and the Clerk of Court is to enter the conviction and sentence.

During the hearing on his habeas petition, Ingram testified that Jones visited him once in prison and spoke to him by phone. Ingram testified that he did not speak to Jones after the court purportedly denied his motion to withdraw his guilty plea and that he was, thus, unaware of any right to an appeal from the alleged denial. He also stated that he believed his motion to withdraw his guilty plea was still pending in the trial court because he had never attended a hearing and had not received any order stating that the motion had been denied.

Following the hearing, the habeas court denied all grounds for relief save one. The habeas court ruled that Jones had rendered ineffective assistance of counsel for failing to timely appeal the purported denial of the motion to withdraw Ingram's guilty plea. The court concluded that Jones had failed to inform Ingram that the motion had been denied and also failed to advise him of his right to appeal the denial of the motion. Further, the habeas court concluded that "had [Ingram] been informed of his right to appeal, he would have filed a direct appeal." In his cross-appeal before this Court,

Ingram's primary complaint is that he wanted to withdraw his guilty plea on the grounds that it was coerced and was the product of ineffective assistance of plea counsel.

Case No. S25A0172

The Warden contends that the habeas court erred in rejecting his argument that Ingram's petition should be dismissed on the grounds that it was filed prematurely. As explained below, the habeas court erred in treating the March 3 "Order to Enter Sentence" as an order denying Ingram's motion to withdraw his guilty plea, and because the record does not otherwise demonstrate that Ingram's judgment of conviction is final for purposes of a habeas review, the habeas court erred in granting Ingram an out-of-time appeal.

There is nothing in the text of the "Order to Enter Sentence" to indicate that it serves to deny Ingram's motion to withdraw his guilty plea. The order does not contain within its four corners any language expressly or implicitly addressing Ingram's motion. Indeed, it addressed only whether the judgment of conviction had

7

been properly entered:

> [The trial court] hereby orders that the judgment of conviction and sentence be formally entered and accepted even though the indictment was not signed . . . . The Court is not aware of any evidence at this point that the sentence was illegal in any way, and the Clerk of Court is to enter the conviction and sentence.

In support of its order, the court cited only one case, *Richards v. State*, 169 Ga. App. 870, 871 (315 SE2d 304) (1984), which concerns an indictment that is allegedly void and illegal because it is unsigned. Further, nothing in the order addresses any factual or legal argument ordinarily associated with a motion to withdraw a guilty plea. The "Order to Enter Sentence" says nothing about manifest injustice, the denial of effective assistance of counsel, an involuntary plea, or a lack of understanding of the charges. Nor does it cite any case law pertinent to withdrawing a guilty plea. Additionally, the order was entered on the same day that Ingram's indictment, plea, and sentence were filed with the clerk, providing further evidence that the purpose of the order was, as it plainly states, "to enter sentence."

As far as the record shows, no court order has been entered addressing Ingram's motion to withdraw his guilty plea (and there is no evidence that the motion has been withdrawn). It is reasonable to infer from these facts that the motion may yet remain pending in the trial court. If Ingram's motion remains pending, the trial court retains jurisdiction to alter or set aside Ingram's guilty plea and the resulting judgment of conviction. See *Gray v. State*, 310 Ga. 259, 263 (3) (850 SE2d 36) (2020) ("Georgia courts have long applied the common-law rule that the trial court has the inherent authority to modify a judgment within the term of court and that a motion made during the term serves to extend the power to modify." (citations and punctuation omitted)); OCGA § 5-6-34 (a) (1) (providing that direct appeals may be taken from "final judgments" and providing that a judgment is final when "the case is no longer pending in the court below."). Thus, based on the record before us, it is possible that the judgment of conviction is not yet final for purposes of direct review in our state appellate courts.

Further, if Ingram's conviction is not yet final, his petition for

9

a writ of habeas corpus would be premature. Under Georgia law, a person imprisoned by virtue of a sentence of a state court of record cannot initiate a petition for habeas corpus until the conviction is final. OCGA § 9-14-42 (c) (1).[3] Ingram's judgment of conviction would not be final for purposes of habeas corpus review until the time for seeking direct appellate review from his judgment of conviction has expired. As we have explained,

> for purposes of OCGA § 9-14-42 (c) (1), a judgment of conviction becomes "final" when the United States Supreme Court either affirms a conviction on the merits or denies a petition for writ of certiorari, i.e., at "the conclusion of direct review," or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken, i.e., "the expiration of the time for seeking such review."

*Stubbs v. Hall*, 308 Ga. 354, 359 (3) (b) (840 SE2d 407) (2020).

Because the habeas court erred in treating the March 3 "Order to Enter Sentence" as an order denying Ingram's motion to withdraw

---

[3] OCGA § 9-14-42 (c) (1) provides, in pertinent part that "[a]ny action brought pursuant to this article shall be filed . . . within four years in the case of a felony, . . . from . . . [t]he judgment of conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

10

his guilty plea, and because the record does not otherwise demonstrate that Ingram's judgment of conviction is final for purposes of habeas review, the trial court erred in granting Ingram relief in the form of an out-of-time appeal. Id. at 363. Therefore, we vacate the habeas court's judgment and remand with direction that the habeas court give the parties an opportunity to supplement the record and to demonstrate whether Ingram's judgment of conviction is final for purposes of habeas review. If the habeas court determines that Ingram's motion to withdraw his guilty plea remains pending, this habeas petition should be dismissed as premature. If the habeas court determines that Ingram's motion to withdraw his guilty plea is no longer pending such that Ingram's judgment of conviction is final, the habeas court may elect to reenter its previous order with the addition of that determination. At this point, the parties would have another opportunity to appeal.

## Case No. S25X0173

Given that we have vacated the habeas court's order in its entirety so that the court may determine whether Ingram's

11

judgment of conviction is final, the claims of error presented in the cross-appeal are moot.[4]

*Judgment vacated and case remanded with direction. Peterson, CJ, Warren, PJ, and Bethel, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*

---

[4] We note that "[i]t is now well established that a defendant who timely seeks to withdraw a guilty plea is entitled to the assistance of counsel. A defendant also has both the right to appeal the denial of his motion to withdraw guilty plea and the right to the effective assistance of counsel as guaranteed by the Sixth Amendment for that appeal." *Ringold v. State*, 304 Ga. 875, 878 (823 SE2d 342) (2019) (citations omitted) (overruled in part on other grounds by *Collier v. State*, 307 Ga. 363, 366 (834 SE2d 769) (2019)). See also *Blackwell v. State*, 306 Ga. 577, 577 (832 SE2d 352) (2019) (accord).